717 So.2d 105 (1998)
Mark FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1720.
District Court of Appeal of Florida, Fifth District.
August 21, 1998.
Steven G. Mason of Law Offices of Steven G. Mason, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
JACOBUS, B.W., Associate Judge.
Mark Freeman timely appeals his conviction for carrying a concealed firearm and his sentence of probation for two years. The offense took place on October 15, 1996, when Officer Bologna stopped Freeman in Winter Park, Florida for driving erratically in his Jeep. At trial, the key, disputed factual issue was whether a gun found in Freeman's Jeep was concealed. Freeman raises several issues on appeal, only two of which are discussed as the others have no merit. We reverse and remand for a new trial.
Freeman complains of a number of improper prosecutorial comments during closing argument. As no objection was raised to many of the comments about which Freeman complains, we must determine whether the comments were so prejudicial as to constitute fundamental error. State v. Murray, 443 So.2d 955, 956 (Fla.1984). The standard for appellate review is whether "`the error committed was so prejudicial as to vitiate the entire trial.'" Id. (quoting Cobb v. State, 376 So.2d 230, 232 (Fla.1979)).
During closing argument, the prosecutor made the following comments:
... So that's the question. Who do you want to believe here? Do you want to believe the officers or do you want to believe Mr. Freeman?
Ladies and gentlemen, I'm here to tell you that you should believe the officers. Why should you believe the officers? Simply because they're police officers, because they're sworn to uphold the law, because they're trained observers, because they have no reason to lie.
This line of argument clearly was improper. See Garrette v. State, 501 So.2d 1376, 1379 (Fla. 1st DCA 1987) (noting that the prosecutor "may not properly argue that a police officer must be believed simply because she *106 is a police officer or that other witnesses called by the State should be believed because the prosecutor would not have called his witnesses to the stand if he could not vouch for their credibility"); see also Fryer v. State, 693 So.2d 1046 (Fla. 3d DCA 1997) (holding that prosecutor's statements that "I am telling you to believe [the Sergeant] because he is a truthful man," "If you think this officer is going to compromise his ethics," and "this officer would not come in this courtroom and lie to you" were patently improper and deprived defendant of fair trial); Buckner v. State, 689 So.2d 1202 (Fla. 3d DCA 1997) (finding prosecutor's comments that jury would find police officer "very credible" and that he told the truth on the stand were improper but a new trial was not warranted when comments were examined in totality); Davis v. State, 663 So.2d 1379, 1381 (Fla. 4th DCA 1995) (finding prosecutor's argument that testifying officers "had nothing to gain by lying on the witness stand because to perjure themselves would be to put `their careers in jeopardy'" was improper).
The testimony of the State's witnesses directly conflicted with the defense witnesses' testimony as to whether the firearm discovered in Freeman's Jeep was concealed from the officers. As a result, the credibility of the State's witnesses was crucial in determining this issue. Therefore, this court cannot find that the prosecutor's bolstering of police witnesses was harmless. See Davis, 663 So.2d at 1382 (concluding that prosecutor's bolstering of police witnesses was not harmless because "the state's case hinged upon the believability of its witnesses"); see also Fryer; Landry v. State, 620 So.2d 1099, 1101 (Fla. 4th DCA 1993) (concluding that prosecutor's references to officers'"unblemished records" could not be considered harmless "[b]ecause this case came down to a swearing match between the officers and appellant's witnesses").
The prosecutor's closing argument also included a number of other impermissible remarks. For example, we agree with Freeman that the prosecutor impermissibly shifted the burden of proof when he told the jurors that if they believed the police officers instead of Freeman, then they should find Freeman guilty and that "the question" was who they wanted to believe. See Clewis v. State, 605 So.2d 974 (Fla. 3d DCA 1992). Additionally, the prosecutor commented:
Ladies and gentlemen, the officers here don't have to make any apologies for being concerned about a weapon in the car. It seems that Mr. Freeman's family thinks they should have been invited in. Hey, folks, come on in, there might be weapons, so come on in and supervise us and tell us how to do this search of the car. Let's all look for weapons together.
Well, that's not what the officers are doing. They're very concerned and they're concerned for good reason.
If you read the newspapers today, there was a funeral of an officer
Defense counsel objected and the trial court sustained the objection, admonishing the prosecutor. The prosecutor was referring to the local newspaper headlines concerning the death of a Winter Haven police officer who was murdered by a man carrying a gun in his automobile. Such a comment was improper as it referred to facts not in evidence and the trial court properly sustained the objection. The prosecutor also explained to the jury that "Mr. Freeman's story is that there are three Mark Furmans [sic] in this case," indicating that the defense's theory was that the officers planted the firearm in the position it was found in the Jeep and then they perjured themselves in court about this fact. While this comment in isolation is not sufficient to rise to the level of fundamental error, it contributes to the overall, cumulative effect of the prosecutorial misconduct in this case. See DeFreitas v. State, 701 So.2d 593 (Fla. 4th DCA 1997).
Although the trial judge is to be commended for his handling of this case, we must reverse and remand to the lower court for a new trial on this charge. The prosecutor's comments during closing argument collectively rise to the level of being "so prejudicial as to vitiate the entire trial" under Murray.
Finally, with regard to the assessment of points on Freeman's sentencing scoresheet, we note that in White v. State, *107 714 So.2d 440 (Fla. 1998), the Florida Supreme Court recently concluded that trial courts should not assess eighteen points for possession of a firearm where possession was one of the essential elements of the crime for which the defendant was being sentenced. The Court thus approved the Fourth District Court of Appeal's holding in Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996) and overruled the line of cases from this court that held to the contrary. See, e.g., Davis v. State, 710 So.2d 764 (Fla. 5th DCA 1998); Smith v. State, 683 So.2d 577, 579 (Fla. 5th DCA 1996), rev. dismissed, 691 So.2d 1081 (Fla.1997); Gardner v. State, 661 So.2d 1274, 1275 (Fla. 5th DCA 1995). If on re-trial a conviction for carrying a concealed firearm is obtained, then the trial court should not add eighteen points to Freeman's scoresheet for use of a firearm in light of the decision in White.
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.