732 So.2d 1100 (1999)
Norberto DEL RIO, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-1813
District Court of Appeal of Florida, Third District.
February 3, 1999.
Rehearing Denied February 3, 1999.
*1101 Bennett H. Brummer, Public Defender, and Louis K. Nicholas, II, Esquire, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Maya Saxena, Assistant Attorney General (Fort Lauderdale), for appellee.
Before COPE, GERSTEN, and SHEVIN, JJ.

CORRECTED OPINION
PER CURIAM.
Norberto Del Rio ("the defendant"), appeals his conviction for first degree murder with a firearm, attempted second degree murder with a firearm as a lesser included offense, attempted first degree murder with a firearm, and burglary of an occupied dwelling with an assault and with a firearm. We affirm.
The defendant and two other men were observed at the front door of a dwelling occupied by Raul and Melinda Morejon. Raul and the defendant were struggling with a handgun, when the gun discharged and wounded Raul. Another person in the house, Armando Rojas, was killed by the gunfire. During the incident, Melinda called 911 and identified the defendant as the shooter. In the course of the phone call, Melinda asked her husband, "who did this" and his response was "Norberto Del Rio," the defendant. The defendant and the others were observed returning to a truck after the shooting. The police subsequently stopped the truck and ordered the occupants, one of whom was the defendant, out of the truck. A search of the defendant revealed a pair of handcuffs. A search of the truck revealed a .357 magnum rifle.
The defendant was found guilty and sentenced to life without eligibility for parole on the first degree murder count, and a concurrent nineteen years with a three year minimum mandatory on the remaining counts. While we affirm the defendant's conviction and sentence in all respects, we write further solely to address our concerns with the improper comments made by the prosecutor, Michael Spivak, during closing argument.
Florida courts have repeatedly stated that counsel should avoid impassioned and prejudicial arguments which impermissibly appeal to the jury's "community conscience" or sense of "civic responsibility". See Superior Indus. Int'l, Inc. v. Faulk, 695 So.2d 376 (Fla. 5th DCA), review denied, 700 So.2d 685 (Fla.1997); Norman v. Gloria Farms, Inc., 668 So.2d 1016 (Fla. 4th DCA), review denied, 680 So.2d 422 (Fla.1996). We are disturbed by the prosecutor's apparent failure to heed these warnings.
It was improper for prosecutor Spivak to denigrate the city as a place where "death is cheap," and to comment upon his own, as well as the juror's, personal stake in the matter, by referring to how "[t]he law protects all of us or the law protects none of us" and how "[i]n the south, we saw it when it happened to blacks. In Germany we saw it when it happened to the Jews."
It was further improper for prosecutor Spivak to launch unwarranted attacks against defense counsel by commenting, *1102 "[s]ee this man here who claims to be a lawyer in good standing in Miami, Florida," and "[t]hat is the same guy who is going to get up when I sit down and try to tell you what the evidence showed." This court has stated on numerous occasions that it will not condone inflammatory and prejudicial remarks attacking the integrity of opposing counsel. See Owens Corning Fiberglas Corp. v. Morse, 653 So.2d 409 (Fla. 3d DCA)(opposing counsel referred to as "a master of trickery"), review denied, 662 So.2d 932 (Fla.1995); Sun Supermarkets, Inc. v. Fields, 568 So.2d 480 (Fla. 3d DCA 1990)(opposing counsel referred to as "lying" and "committing a fraud" upon the court and jury), review denied, 581 So.2d 164 (Fla.1991); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982)(opposing counsel referred to as "cheap shot artist").
We caution the prosecution regarding these inappropriate comments which stray dangerously close to requiring a new trial. However, we note that curative instructions were provided by the trial court, the jury was instructed both before and after closing arguments that the closing arguments were not to be viewed as evidence, and overwhelming evidence of the defendant's guilt was presented at trial. See Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Thus although these comments were inappropriate, we conclude the record as a whole does not reflect that the defendant was deprived of a fair trial, and accordingly affirm the conviction and sentence below. See Cooper v. State, 712 So.2d 1216 (Fla. 3d DCA 1998); Lewis v. State, 711 So.2d 205 (Fla. 3d DCA 1998). We remind prosecutor Spivak of his ethical responsibilities and this Court's strong disapproval of his conduct in this case.[1]
Affirmed.
NOTES
[1] A copy of this opinion will be sent to the Florida Bar for further investigation as to whether the conduct in this case constitutes a violation of the Rules of Professional Conduct.