747 So.2d 474 (1999)
Lonnie M. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-417.
District Court of Appeal of Florida, Fifth District.
December 30, 1999.
*475 James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
This is a case of prosecutorial misconduct during closing argument in which an objection was made and a motion for mistrial was denied.
The record shows that the state's case hinged upon the jury's acceptance of two police officers' testimony over that of the defendant's. Rather than allowing the jury to sort out the truth, the prosecutor attempted to tip the balance by vouching for the veracity of one of the police officers. Specifically, the closing argument included the following:
He (the police officer) is just doing his job and telling you all the truth. He has no reason to pick out this defendant from anyone else in the street and arrest him for burglary when this defendant wasn't even at the location.
A prosecutor may argue any reasons, if supported by the evidence, why a given witness might or might not be biased in a case, but the prosecutor may not properly argue that a police officer must be believed simply because he is a police officer. See, e.g., Cisneros v. State, 678 So.2d 888 (Fla. 4th DCA 1996); Williams v. State, 673 So.2d 974 (Fla. 1st DCA 1996); Clark v. State, 632 So.2d 88 (Fla. 4th DCA 1994), overruled on other grounds, T.B. v. State, 669 So.2d 1085 (Fla. 4th DCA 1996).
We cannot consider the comment in this case as harmless error because the limited evidence at trial was only the police officers' testimony versus the defendant's testimony. We reverse and remand for a new trial.
W. SHARP, and THOMPSON, JJ., concur.