GRIFFIN, J.
The sole issue in this case is whether the knife used by appellant to assault and injure his victim by slashing his eye could not, as a matter of law, qualify as a deadly weapon in a prosecution for aggravated battery. The defendant characterizes the knife as a “pocketknife.” The defendant asserts a pocketknife can never be a deadly weapon; the State says anything can be a deadly weapon if used in a way likely to produce great bodily harm. The defendant relies on L.B. v. State, 700 So.2d 370 (Fla.1997). L.B. involved a weapon possession charge, however. There, the court found that the term “common pocketknife” found in section 790.001(13), Florida Statutes (1995) was not unconstitutionally vague and included the knife at issue in that case. Here, we have a pocketknife (of some sort)[1] used as a weapon to injure. A pocketknife can qualify as a deadly weapon. The case is not controlled by L.B. See Durden v. State, 743 So.2d 77 (Fla. 1st DCA 1999); Mims v. State, 662 So.2d 962 (Fla. 5th DCA 1995), review denied, 673 So.2d 29 (Fla.1996); Arroyo v. State, 564 So.2d 1153 (Fla. 4th DCA 1990).
AFFIRMED.
W. SHARP, and THOMPSON, JJ., concur.

. Also, it is not adequately established in the record that the knife used by appellant was a ‘'common pocketknife.” See Walls v. State, 730 So.2d 294 (Fla. 1st DCA 1999).