750 So.2d 168 (2000)
Ronald Edward BIRREN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-844.
District Court of Appeal of Florida, Third District.
February 16, 2000.
Kwall, Showers & Coleman (Clearwater), and Sherwood S. Coleman, for appellant.
Robert A. Butterworth, Attorney General, and Frank J. Ingrassia, Tallahassee, for appellee.
*169 Before SCHWARTZ, C.J., and JORGENSON, and FLETCHER, JJ.
FLETCHER, Judge.
Ronald E. Birren seeks to set aside his conviction and sentence. We reverse and remand for a new trial.
Birren was charged with (1) tampering with evidence[1]; (2) fleeing and eluding a Marine Patrol officer; (3) interference with a Marine Patrol officer; (4) possession of undersize lobster; (5) possession of lobster out of season; (6) harvesting lobster during the "soak" season; and (7) failing to have lobster registration numbers on his traps. At trial, the prosecutor made several remarks during closing argument accusing Birren of stealing resources from the state and other fishermen.[2] The trial court permitted the statements over defense objection, denying Birren's motion for mistrial. The jury ultimately returned a verdict of guilty on counts 2-7. At the hearing on Birren's Motion for New Trial, the court revisited its earlier trial ruling that allowed the State's comments. The trial judge explained that, while she believed in retrospect that the prosecutor's comments were improper and a curative instruction should have been given to the jury, she did not believe that the comments warranted a mistrial. We disagree.
The prosecutor's arguments were clearly improper. By accusing the defendant of the uncharged crime of stealing, the prosecutor "encroached on the jury's job by improperly weighing in with her own opinion of the credibility of the witness." Gomez v. State, 751 So.2d 630 (Fla. 3d DCA 1999). Indeed, the Florida Supreme Court has instructed that,
"[t]he proper exercise of closing argument is to review the evidence and to explicate those inferences which may be reasonably drawn from the evidence. Conversely, it must not be used to inflame the minds and passions of the jurors so that their verdict reflects an emotional response to the crime or the defendant rather than the logical analysis of the evidence in light of the applicable law."
Bertolotti v. State, 476 So.2d 130 (Fla. 1985). Furthermore, the prosecutor's comments fashioning herself as a representative of the community, and suggesting to the jury that they consider the unfairness to other "legal" crawfishermen, were out of line. Argument appealing to community sensibilities and civic conscience has repeatedly been held improper. See, e.g., Del Rio v. State, 732 So.2d 1100 (Fla. 3d DCA 1999) (citations omitted); S.H. Investment and Development Corp. v. Kincaid, 495 So.2d 768 (Fla. 5th DCA 1986). Although the arguments made in the cited cases were more egregious than those made here, nevertheless,
"Such argument is an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial.... Our condemnation of a `community conscience' argument is not limited to the use of those specific words; it extends to all impassioned and prejudicial *170 pleas intended to evoke a sense of community law through common duty and expectation. Such appeals serve no proper purpose and carry the potential of substantial injustice...."
Westbrook v. General Tire and Rubber Co., 754 F.2d 1233 (5th Cir.1985).
The trial judge subsequently acknowledged the impropriety of the prosecutor's comments, and admittedly failed to give a curative instruction upon Birren's objection. In the absence of such curative instruction those comments, and their possible effect on the jury, were not harmless error. Compare Del Rio, 732 So.2d at 1102 (inappropriate comments strayed dangerously close to requiring new trial but for curative instructions to jury both before and after closing arguments).
For these reasons, we reverse Birren's judgment of conviction and remand for a new trial.
NOTES
[1] The trial court granted Birren's Motion for Judgment of Acquittal for the tampering charge.
[2] For example, the record shows that the prosecutor argued to the jury that Birren was

"out there hunting a baited field. All of the other crawfishermen who are legal," R.414
"He was stealing from every other person that was trying to abide by the rules.," R.415
"He was stealing from every other person that was trying to play by the rules.," R.415 "He was stealing from Tom Coppedge....," R.416
"I want you to say to Mr. Birren that he is not allowed to violate these rules, that other people have to abide by these laws and he has to, too ... It's not fair and it's not right and it's not legal for him to go out there and put traps in the water and fish ... and no one else is allowed to. He's stealing, plain and simple." R.424