GRIFFIN, J.
Appellant, Raymond Jorlett [“Jorlett”] appeals from the judgment and sentence which were entered after a jury found him guilty of DUI. Jorlett raises four points of error: (1) that his motion to dismiss should have been granted based on the arresting officer’s failure to videotape him after he was taken into custody; (2) that the court erred in allowing the State to comment on his right to remain silent; (3) that the court erred in allowing the State, during closing argument, to bolster the credibility of a police officer witness; and (4) that certain special conditions of probation were not orally pronounced at sentencing. The third issue has merit and requires reversal.
Although the State disputes it, there is little doubt that the comments of the prosecutor constituted an improper vouching by the prosecutor for the credibility of the State’s police officer witness:
Yeah [Deputy Sonnier] is one witness. She is one witness, but she is the only officer that was there. How else are we going to prove our case? She is the only person that was there. She is the only person who can tell you these things. She is our public servant. She is sworn to protect us. And she comes in here and she has taken an oath....
This is not a fundamental error case. Defense counsel objected to this comment and the objection was overruled. It was error to overrule the objection. The only remaining question is whether the error was “harmless.” In other cases where such argument has appeared and, where, like this case, the testimony is essentially a swearing match between two individuals, the error has not been considered harmless. See, e.g., Freeman v. State, 717 So.2d 105 (Fla. 5th DCA 1998); Cisneros v. State, 678 So.2d 888 (Fla. 4th DCA 1996).
The supreme court has made clear that where prosecutors violate the judicial restrictions on the content of closing argument, such prosecutorial misconduct should be remedied. Here, defense counsel did his job by objecting and objecting very specifically. Ruiz v. State, 743 So.2d 1 (Fla.1999). See also Henry v. State, 743 So.2d 52 (Fla. 5th DCA 1999). The case will have to be retried.
REVERSED and REMANDED.
THOMPSON, C.J., concurs.
KAHN, L., Associate Judge, dissents, with opinion.