801 So.2d 141 (2001)
Travis E. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4107.
District Court of Appeal of Florida, Fourth District.
November 21, 2001.
Rehearing Denied December 28, 2001.
*142 Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Johnson's conviction and sentence for delivery of cocaine.
Deputy Sanchez, of the Broward County Sheriff's Office, testified that while working undercover, Johnson sold him a $20 rock of crack cocaine. The transaction was captured on a video camera located inside the deputy's vehicle. Although the video was played for the jury; the actual exchange of money for drugs escaped the camera's view.
During closing, counsel for Johnson argued that Sanchez's testimony, with regard to the transaction, was neither credible nor truthful. Defense counsel implied that, had Sanchez's testimony been truthful, the videotape would have contained evidence of the alleged drug transaction. As it did not, he called on the jury to make the following deduction: "A complete stranger, testifies one thing that is not truthful. How on earth can you now believe anything he says?" In its argument, the state responded by stating "[t]he best evidence is the testimony of the police officer who has absolutely no reason anyone has shown you to lie to you." Later, the state reiterated its point that "[t]hose officers have no reason to lie."
The defense objected only to the second of these responses, asserting that the argument was improper. The objection was overruled. On appeal, Johnson argues that the statements amounted to improper bolstering.
Although wide latitude is permitted in jury argument, it is improper for an attorney to express a personal opinion as to the credibility of a witness. It is equally improper for the state to vouch for the credibility of a police officer by arguing that the jury should believe police officers solely because they are police officers. Cisneros v. State, 678 So.2d 888, 890 (Fla. 4th DCA 1996); see also Williams v. State, 747 So.2d 474, 475 (Fla. 5th DCA 1999).
Nevertheless, prosecutorial comments are not improper where, incident to evaluating a witness' credibility, jurors are told to ask themselves what motive the officer would have to deceive them. Reyes v. State, 700 So.2d 458, 461 (Fla. 4th DCA 1997). In Reyes, this court held that such *143 a comment was not improper. We concluded that the comment did not constitute an expression of personal opinion as to the credibility of the witness. Furthermore, we distinguished the situation in which a prosecutor asks the jury to evaluate a witness' motive for deceit from one in which the jury is asked to believe a police officer's testimony simply because of his status as an officer. Id.
Here, the comments by the state are more analogous to those in Reyes than to those proscribed by Cisneros or Williams. In this case, the prosecutor neither stated his personal opinion, nor suggested the officer's opinion was more believable than that of another simply because he was a police officer. In United States v. Hernandez, 921 F.2d 1569 (11th Cir.1991), the court observed, "[t]he prohibition against vouching does not forbid prosecutors from arguing credibility, which may be central to the case; rather, it forbids arguing credibility based on the reputation of the government officer or on evidence not before the jury." Id. at 1573.
We have also considered Freeman v. State, 717 So.2d 105 (Fla. 5th DCA 1998), on which Johnson relied. Freeman recognized that it was error for the prosecutor to tell the jury during closing to believe the officers "[s]imply because they're police officers, because they're sworn to uphold the law, because they're trained observers, because they have no reason to lie." Id. at 105. Contrary to the statement in the instant case, the statements in Freeman were exactly what this court has proscribed and are in no way comparable to the statements here.
In this instance, the prosecutor merely responded to Johnson's attack on the officer's credibility by reminding the jury that no one had shown any reason why the officer would lie. In fact, Johnson's closing argument attacking the credibility of Officer Sanchez invited the state's response. Jackson v. State, 703 So.2d 515 (Fla. 3d DCA 1997). In any event, we deem any error harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Reyes, 700 So.2d at 461.
As our reasoning applies equally to both comments made by the state, we do not address the preservation issue argued as to the first comment. As to all other issues raised, we also find no reversible error or abuse of discretion.
STEVENSON and HAZOURI, JJ., concur.