THOMPSON, C.J.
Jessie Owens appeals his conviction for possession of a firearm by a convicted felon.
Owens was involved in an altercation with Quincy Jones, who allegedly owed Owens money. The altercation resulted in a gunshot, and police were called to the scene. Police were given Owens’s name and went to his residence. According to the police, Owens admitted having been in possession of the weapon, which belonged to his wife, but told police that the magazine had not been in the gun because his wife would not allow him to have the gun unless the magazine was removed. According to police, Owens claimed that he had the gun for intimidation purposes, and that it had accidentally discharged. Also according to police, Owens helped them retrieve the gun from his closet and the magazine from under the mattress. At trial, Owens and his wife claimed that it was his wife who had actually possessed the gun at the scene, and that it was she who had retrieved the gun and the magazine for police. The wife testified that she fired the gun because two men were fighting with her husband. Owens explained that he had falsely confessed at his resi *1008 dence, and again at the police station, because police had threatened to lock up his wife and take his children, and because he was drunk.
The two reluctant witnesses, Jones and Mike Battle, both testified that they had been drunk that night, and had memory lapses on the stand. Jones testified that he did not recall giving oral and written statements to police. Part of Jones’s statement was allowed as impeachment evidence, and Owens contends that the impeachment evidence was inadmissible because, given Jones asserted lack of memory, Jones’s statement to police was not inconsistent with his trial testimony.
Section 90.608(l)(a), Florida Statutes, allows any party, including the party calling the witness, to attack the credibility of the witness by introducing statements of the witness “which are inconsistent with the witness’s present testimony.” The pri- or statement is admissible only if there is a material inconsistency between the prior statement and the trial testimony. Gudinas v. State, 693 So.2d 953, 963 (Fla.1997).
In the instant case, Owens points to Jones’s testimony that he did not remember calling 911 or providing a written statement to police. It is true that Jones (more or less) professed not to remember making the statement to police, but the limited testimony he did give was contrary to that statement. At trial, Jones denied that Owens pulled out the gun, and he denied that Owens shot the gun. He further testified, contrary to his statement to police, that the only time he ever saw the gun was when it was in the possession of Owen’s wife. Thus, because Jones made statements to police that were materially inconsistent with some of his trial testimony, the state properly impeached him with those statements. Compare Morton v. State, 689 So.2d 259, 264 (Fla.1997) (“In a case where a witness gives both favorable and unfavorable testimony, the party calling the witness should usually be permitted to impeach the witness with a prior inconsistent statement”), receded from in part on other grounds, Rodriguez v. State, 753 So.2d 29, 47 (Fla.2000).
Owens further argues that the statements should not have been admitted because they provided evidence that Owens committed other wrongs, i.e. actually shooting the gun. Owens contends that even if this evidence was relevant, its probative value was outweighed by the unfair prejudice of its admission. See § 90.403, Fla. Stat. Owens has shown no abuse of the trial court’s broad discretion in this area. See id. The evidence tended to show why the witnesses would have been “upset,” as police testified, and suggests that they would have been upset enough to make a correct identification. Moreover, the evidence gave context to the crime and to Owens’s confession. The state’s theory was that Owens confessed, not to save his wife from arrest, but to save himself from a charge of aggravated assault.
Finally, we do not agree that Owens is entitled to a new trial based on improper closing argument on the part of the prosecutor. The prosecutor pointed out to the jury that either Owens or the police officer was lying about whether it was Owens or his wife who retrieved the gun for police, but, unlike the situation in Ruiz v. State, 743 So.2d 1 (Fla.1999), the prosecutor’s remarks did not suggest that Owens should be convicted for being a liar. Furthermore, unlike the situation in Freeman v. State, 717 So.2d 105 (Fla. 5th DCA 1998), the prosecutor did not suggest that if the jury believed the officer it should find Owens guilty. Rather, the prosecutor merely pointed out that it was the jury’s function to resolve the discrepancy in the testimony.
*1009 The prosecutor also told the jury that police had been investigating an aggravated assault, and Owens contends that this suggested to the jury that it should convict based on a crime not charged. However, the prosecutor’s point was that Owens confessed, not to save his wife from arrest, but to save himself from the greater charge. We think it was a fair comment.
Owens objects to the prosecutor’s statement to the jury that it was legal for Owens’s wife to possess the gun, but that it was wrong for her to possess it with Owens in the same home, due to his status as a convicted felon. This comment related to the state’s theory that Owens had been in actual possession of the gun at the scene and in constructive possession of the gun at his residence. The latter theory was based on the police testimony that Owens helped them retrieve the gun and the magazine. While the prosecutor’s syntax could have been better, we think the argument was fair.
Owens also objects to the prosecutor’s having told the jury that it had, “a little tiny piece of what [Jones] and [Battle] said to the police.” Apparently, the prosecutor was referring to the fact that the jury only heard a redacted version of Jones’ statement to police. It is improper to imply that there is evidence of guilt that the jury has not heard, see e.g. Davis v. South Florida Water Management District, 715 So.2d 996, 999 (Fla. 4th DCA 1998), and we agree that this comment could be so construed. Nevertheless, the case was not complicated, and we conclude that the comment could not have affected its outcome. Compare State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). We note that immediately after making this comment, the prosecutor argued that nothing Jones and Battle said should be believed.
AFFIRMED.
SAWAYA and ORFINGER, R. B., JJ., concur.