818 So.2d 707 (2002)
Emmanuel SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3084.
District Court of Appeal of Florida, Fifth District.
June 21, 2002.
*708 James B. Gibson, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Smith appeals from his judgment and sentence for sale of cocaine.[1] He argues on appeal that he is entitled to a new trial because of improper comments by the prosecutor during closing argument. We affirm.
The evidence at trial was in dispute. Officer Adkins testified that as an undercover officer, driving a borrowed vehicle equipped with a one-way radio "bug," he purchased a $20.00 piece of crack cocaine from Smith and the co-defendant, Siders. As soon as the transaction had been completed, Adkins gave the signal to "take down" Smith and Siders.
Smith and Siders began to run and Adkins chased them. As Adkins turned the corner of the apartment house complex where the sting operation took place, he saw the backup officers had detained Smith and Siders, based on his description. The other police officers did not see the transaction nor could they identify the defendants. Adkins testified as to the purchase from and the identity of the defendants.
Siders testified he only approached Adkins in his car to inquire whether Adkins was a police officer. He had intended to ask him if he wanted a "date." When Adkins grabbed him, he pulled away and ran. Smith was just standing there, and had no conversation with Adkins. Smith did not testify.
During closing argument, the defense objected and moved for a mistrial based on comments by the prosecutor, which tended to bolster the truth of Adkins' testimony because he was a police *709 officer. Adkins was the sole eyewitness to the crime and his credibility was at issue. The prosecutor said:
[Y]ou have to be very careful because sometimes I would submit that the Defense is trying to lead you astray about what the real issue is.
The real issue here is is Officer Adkins telling you the truth.
He pointed to that man over there [Smith] and said that man came to me and asked me what I wanted. I told him that I wanted a $20. He brought that man [Siders] over to me, brought a piece of crack cocaine over to me, and I gave him $20 for it. That's what happened.
I want to leave you with just one thing. One of the things that the judge is going to read to you is the instruction about weighing the evidence, it's called weighing the evidence. It deals basically with some of the things, many of them being just common sense but they are common sense things that reach the level that they are recognized in legal jurisprudence saying that jurors should be reminded to consider while they are deliberating in a case....
* * *
Was the witness honest and straightforward in answering the questions? Did the witness have some interest in how the case should be decided?
That's one I want to dwell on for just a minute. Who has an interest? You can say the police have an interest in these cases. They make an arrest and follow through by coming to court and testifying. They certainly have an interest in how the case is to be decided. But is their interest of such a significant one that would cause them to either shade their testimony, embellish their testimony, or perjure themselves? Think about that.
Then think about what the defendant, Mr. Siders, may have to gain or lose by the outcome of this case. What interest does he have in this case? Think about that in determining where the truth lies.
It is improper for an attorney to express a personal opinion as to the credibility of a witness. Johnson v. State, 801 So.2d 141 (Fla. 4th DCA 2001); Jones v. State, 449 So.2d 313 (Fla. 5th DCA), rev. denied, 456 So.2d 1182 (Fla.1984). It is equally improper for a prosecutor to vouch for the credibility of a police officer on the ground that he is a police officer. Johnson; Reyes v. State, 700 So.2d 458 (Fla. 4th DCA 1997). See also Jorlett v. State, 766 So.2d 1226 (Fla. 5th DCA 2000) (new trial required where prosecutor improperly vouched for credibility of the state's police officer witness arguing to the jury that "[S]he is our public servant. She is sworn to protect us").
The comments in this case are directed at having the jury evaluate what motive a police officer would have to deceive them in a case which hinges on the witness' credibility. We agree the trial court was correct in overruling the objection. Comments by the prosecutor asking the jurors to evaluate what motive a police officer would have to deceive them is not improper when made in connection with evaluating a witness' credibility. Johnson; Reyes. For example, in Johnson, the prosecutor told the jurors during closing arguments that "the best evidence is the testimony of the police officer who has absolutely no reason any one has shown you to lie to you" and "those officers have no reason to lie." The court held that these comments did not amount to improper bolstering. The prosecutor neither stated his personal opinion nor suggested that the officer's opinion was more *710 believable simply because he was a police officer.
In Reyes, the prosecutor told the jurors during closing argument that "we have to rely on the honesty, integrity and good memory of the officers" who engage in undercover drug operations. He also asked the jurors to consider what kind of motive the police officer witness for the state would have to lie and whether he appeared as though he was trying to deceive them. The court concluded that these comments did not amount to improper bolstering.
Smith also argues that a second comment by the prosecutor was improper because it appealed to the "conscience of the community." The prosecutor said:
Ladies and gentlemen, again I want to thank you for your attention in these proceedings. This is the first and last and only opportunity that I have to address you by way of closing remarks.
I ask when you are listening to the remarks of the lawyers for the defendants as they conclude their arguments, I just want to urge you to not let rhetoric or emotion get in the way of what you perceive as your duty as jurors. That is to collectively review, among yourselves the evidence that you've heard, decide whether or not in this caseyou are citizens that speak on behalf of your community and in order to be qualified as a juror to sit in this court you have to be a resident of the county where this crime occurred and where this crime is being tried. You are citizens that speak on behalf of your community in rendering a verdict in this case.
The courts have repeatedly condemned impassioned arguments which appeal to the jury's community sensibilities or civil conscience. Otero v. State, 754 So.2d 765 (Fla. 3d DCA 2000); Birren v. State, 750 So.2d 168 (Fla. 3d DCA 2000); Del Rio v. State, 732 So.2d 1100 (Fla. 3d DCA 1999); Williard v. State, 462 So.2d 102 (Fla. 2d DCA 1985); Carr v. State, 430 So.2d 978 (Fla. 3d DCA), cause dismissed, 436 So.2d 97 (Fla.1983). See also Thornton v. State, 767 So.2d 1286 (Fla. 5th DCA 2000) (arguments which beseech the jury to convict a defendant for any reason except guilt are highly prejudicial and strongly discouraged). Such arguments distract the jurors from their duty to reach a fair and just verdict based solely on the facts and evidence presented at trial. Birren.
In this case, the prosecutor approached the line of propriety and may have gone beyond. The prosecutor told the jurors they were citizens who speak on behalf of "your community." Although the words "conscience of the community" were not used, the words evoke a sense of community responsibility. See Williard (comments by the prosecutor that jurors are the conscience of the community and that "when you folks speak, the community speaks" were improper); Carr (prosecutor's comments that jurors are supposed to be the conscience of the community and "you speak, the community speaks" were improper).
However, the trial court's refusal to grant a mistrial based on these comments was not an abuse of discretion. A trial court's ruling on a motion for mistrial is subject to an abuse of discretion standard of review. Card v. State, 803 So.2d 613 (Fla.2001), petition for cert. filed (U.S. March 20, 2002) (No. 01-9152); Goodwin v. State, 751 So.2d 537 (Fla.1999); Cole v. State, 701 So.2d 845 (Fla.1997), cert. denied, 523 U.S. 1051, 118 S.Ct. 1370, 140 L.Ed.2d 519 (1998). A motion for mistrial should be granted only when it is necessary to ensure that the defendant receives a fair trial. Id.
*711 The reference to the jury speaking for the community did not permeate the closing argument. Rather, it was near the end of the argument and was not repeated after the defense objected. This isolated and limited comment would not appear to be so prejudicial as to vitiate the entire trial and thus a mistrial was not warranted. See Card (prosecutor's conscience of the community argument in penalty phase was not so prejudicial as to vitiate the entire trial and thus court did not abuse its discretion in denying request for mistrial; prosecutor's reference to the term was isolated and he did not continue with the argument after the defense objected); Otero (impermissible conscience of the community argument did not warrant a reversal; argument was made at the very end of the state's rebuttal argument and did not otherwise permeate the state's closing argument).
AFFIRMED.
PALMER and ORFINGER, R.B., JJ., concur.
NOTES
[1] § 893.13(1)(a)1, Fla. Stat. (1999).