*421
 
 DAMOORGIAN, J.
 

 Leonte Ruiz appeals his conviction and sentence for attempted first degree murder with a weapon and burglary of a conveyance with an assault or battery while armed. We affirm.
 

 The evidence presented at trial established that Ruiz and the victim were romantically involved. At some point, the relationship ended. On the day of the incident, Ruiz stopped by the victim’s residence to speak with her about rekindling the relationship. The victim refused, and Ruiz stabbed her numerous times while she was inside her car. Ruiz was tried before a jury and was found guilty as charged.
 

 In this direct appeal, Ruiz raises claims of ineffective assistance of counsel, which he asserts are apparent from the record.
 
 See Jones v. State,
 
 815 So.2d 772, 772 (Fla. 4th DCA 2002) (“[ineffective assistance of counsel will only be addressed on direct appeal for the first time when the facts giving rise to the claim are apparent on the face of the record, a conflict of interest is shown, or prejudice to the defendant is shown.”) (citing
 
 Fones v. State,
 
 765 So.2d 849, 850 (Fla. 4th DCA 2000)). The Florida Supreme Court explained that in order to establish an ineffective assistance of counsel claim, two requirements must be satisfied:
 

 First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.
 

 Maxwell v. Wainwright,
 
 490 So.2d 927, 932 (Fla.1986) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “Because both prongs of the
 
 Strickland
 
 test present mixed questions of law and fact, this Court employs a mixed standard of review, deferring to the trial court’s factual findings that are supported by competent, substantial evidence, but reviewing the trial court’s legal conclusions de novo.”
 
 Kilgore v. State,
 
 55 So.3d 487, 499 (Fla.2010) (citation omitted).
 

 Ruiz first claims that his lawyer’s performance was deficient for failing to object to certain statements made by the prosecutor during opening. Ruiz claims that during opening, the prosecutor improperly bolstered the credibility of the witnesses, offered a personal opinion on Ruiz’s guilt, shifted the burden of proof to Ruiz, and offered the victim’s opinion that insanity played no part in the crime in order to rebut Ruiz’s anticipated insanity defense. The State counters that the prosecutor properly referred to evidence that would be adduced at trial and did not improperly bolster the victim’s testimony. We have reviewed the record and conclude that the prosecutor’s opening statement was not improper because it provided a synopsis of what the witnesses would say.
 
 See Conahan v. State,
 
 844 So.2d 629, 643 (Fla.2003) (“[Rjeasonable latitude per-mites] counsel during opening statements to discuss what evidence counsel intends to present during trial and the reasonable inferences that can be drawn therefrom.”) (Harding, J., concurring in part, dissenting in part).
 

 Ruiz next argues that the State “improperly appealed to jury sympathy, passion and prejudice, and generated hatred and ill will towards Ruiz.” Ruiz provides no record evidence to support his protestations. Accordingly, we reject this argument.
 
 See Johnston v. State,
 
 70 So.3d 472, 477-78 (Fla.2011) (“Mere speculation that
 
 *422
 
 counsel’s error affected the outcome of the proceeding is insufficient” to establish ineffective assistance of counsel).
 

 Ruiz also asserts that his attorney was ineffective because of an offhanded comment that was made outside the hearing of the jury, where Ruiz’s attorney stated that “he [the attorney] was senile, had not done a jury trial in two and one-half years, and may be rusty on new law.” Our reading of the record reflects that the comment was made in jest. And, while we are mindful of the serious nature of any judicial proceeding, it is apparent that there was a good working relationship between the court, counsel for the parties, and witnesses. More importantly, these comments, standing alone do not satisfy the
 
 Strickland,
 
 test.
 
 See Strickland,
 
 466 U.S. at 690, 104 S.Ct. 2052.
 

 Ruiz is also critical of his lawyer for failing to bring out the distinction between a psychiatrist and a psychologist. Ruiz asserts that only his psychiatrist expert witness was qualified to give insanity testimony “because he was the only witness who specialized in treating a mental infirmity, disease or defect.” We conclude that this claim is without merit. As the Florida Supreme Court stated in
 
 Hall v. State,
 
 568 So.2d 882 (Fla.1990), “a clinical psychologist experienced in evaluating an individual’s mental state, and who had personally examined [the defendant], clearly was qualified to testify as an expert on [the defendant’s] sanity.”
 
 Id.
 
 at 884-85.
 

 Moreover, Ruiz argues that his attorney was ineffective for failing to object to a number of the prosecutor’s statements during closing. The first of these alleged transgressions was the prosecutor’s argument in connection with Ruiz’s insanity defense. Contrary to Ruiz’s assertion, the prosecutor did not belittle Ruiz’s insanity defense, but rather noted the substantial evidence that contradicted his defense.
 
 See Ford v. State,
 
 802 So.2d 1121, 1129 (Fla.2001) (“Both the prosecutor and defense counsel are granted wide latitude in closing argument. A mistrial is appropriate only where a statement is so prejudicial that it vitiates the entire trial.”).
 

 Finally, according to Ruiz, it was improper for the State to thank the jury on behalf of the state attorney, the victim’s behalf, and on the people of the State of Florida. The prosecutor’s comments did not warrant a new trial.
 
 See Smith v. State,
 
 818 So.2d 707, 711 (Fla. 5th DCA 2002) (“The reference to the jury speaking for the community did not permeate the closing argument. Rather, it was near the end of the argument and ... would not appear to be so prejudicial as to vitiate the entire trial and thus a mistrial was not warranted.”). In sum, we conclude that the balance of the prosecutor’s comments were appropriate remarks on the evidence adduced at trial.
 

 Affirmed.
 

 MAY, C.J., and HAZOURI, J., concur.