651 So.2d 1267 (1995)
Oral HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3673.
District Court of Appeal of Florida, Fourth District.
March 15, 1995.
*1268 Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ettie Feistmann, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
During closing argument in this prosecution for delivery of cocaine, the prosecutor argued that somebody "got to" one of the defense alibi witnesses, without any evidence whatsoever of any improper contact with the witness. Because this comment implies tampering with a witness and the suborning of perjury by the defense, we hold that it was error warranting a new trial.
The appellant was charged with delivery of cocaine to an undercover officer. The officer made a positive identification of the appellant. However, appellant put on an alibi defense, contending that he was with a friend and his girlfriend, fixing his car on the night of the incident. When the girlfriend testified, she was impeached by her deposition as to certain facts she testified to at trial. In general she was a great deal more vague at trial about the time sequence involved than she was during her deposition, and those discrepancies were brought out on cross-examination. During closing argument, the prosecutor argued that "I impeached her a little bit because I wanted to show you that somebody got to her. Somebody got to her." The trial court overruled the appellant's objection that the statement lacked evidentiary support.
On appeal, the state argued that the prosecutor's comment was a conclusion that could be drawn from the fact that the witness was impeached with prior inconsistent statements. The fact that a witness is impeached may imply that the witness is lying, but it does not imply that someone else has made the witness change her story. The implication by the prosecutor in this case was that the defense "got to" the witness. That suggests that the defense was engaged in tampering with a witness and suborning perjury, both criminal offenses. Such a comment is highly irregular, impermissible, and prejudicial. See Jones v. State, 449 So.2d 313 (Fla. 5th DCA 1984), rev. denied, 456 So.2d 1182 (Fla. 1984). We strongly disapprove of the prosecutor's making comments *1269 which impugn the defense without any basis. We cannot deem the comment harmless, as it may have affected the weight that the jury ascribed to the testimony of appellant's alibi witnesses. We therefore must reverse for a new trial.
Appellant also contends that his statement to the officers at the time of his arrest that "this isn't about anything  the arrest doesn't mean anything  the bond doesn't mean anything  that he would be back tomorrow" implied that the appellant would be back the next day to deliver cocaine and therefore was irrelevant and prejudicial in that it implied future criminal conduct. The officers had arrested the appellant several days after the controlled purchase by the undercover officer. The arrest took place at the same location as the original controlled buy. First appellant attempted to walk away from the arresting officers. Then he was loud, boisterous, and cocky in repeatedly stating that the arrest didn't mean anything to him. The trial court had admitted the statement as an admission against interest. Taken in the context that it was delivered, the jury could infer from the comment that defendant admitted his presence in this location and that he would be back again doing the same thing. The fact that the comment implied future criminal activities does not render it inadmissible if it can be interpreted as an admission against interest. See State v. Lamar, 538 So.2d 548 (Fla. 3d DCA 1989); State v. Patterson, 516 S.W.2d 571 (Mo. App. 1974).
We do not address the issues with regard to the sentence because of the necessity to retry this case.[1]
Reversed and remanded for a new trial.
HERSEY and GUNTHER, JJ., concur.
NOTES
[1] However, the state conceded error in that the trial court departed from the guidelines without written reasons and the written order of community control did not conform to the oral pronouncement.