655 So.2d 141 (1995)
Duk TRAN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1141.
District Court of Appeal of Florida, Fourth District.
April 26, 1995.
Jane Fishman and Paul Stark, Plantation, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra Fried, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Although we affirm defendant's conviction for grand theft (Count III) on account of his own testimonial admission, we reverse the convictions for attempted first degree murder and shooting into an occupied building (Counts I and II). The state here successfully carried out the very same tactics we disapproved in Henry v. State, 651 So.2d 1267 (Fla. 4th DCA 1995).
In this instance, the state began playing the theme in the opening statement that eyewitnesses would not testify out of fear of reprisal by defendant. This theme continued when the prosecution elicited testimony, from the only witness who identified defendant, that another witness who did not do so had said that he was "scared to come to court." A police officer testified that although there were several people remaining at the scene of the shooting, a crowded bar, he felt the witnesses were being intentionally uncooperative. Another officer testified that the witnesses were "brusque" and insisted they had not seen anything but that he found this hard to believe. In closing argument the prosecutor argued that "nobody wanted to get involved," that the state could not make people get involved, and that "the bottom line is that nobody saw anything." The trial court denied a motion for mistrial.
As Judge Warner wrote in Henry:

*142 "The implication by the prosecutor in this case was that the defense `got to' the witness. That suggests that the defense was engaged in tampering with a witness and suborning perjury, both criminal offenses. Such a comment is highly irregular, impermissible, and prejudicial. See Jones v. State, 449 So.2d 313 (Fla. 5th DCA 1984), rev. denied, 456 So.2d 1182 (Fla. 1984). We strongly disapprove of the prosecutor's making comments which impugn the defense without any basis."
651 So.2d 1267. Moreover, as in Henry, we cannot deem the error harmless because "it may have affected the weight that the jury ascribed to the testimony of" the defendant, who took the stand and testified on his own behalf.
AFFIRMED AS TO COUNT III; REVERSED AND REMANDED FOR A NEW TRIAL AS TO COUNTS I AND II.
WARNER and KLEIN, JJ., concur.