712 So.2d 1216 (1998)
David Edward COOPER, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-697.
District Court of Appeal of Florida, Third District.
June 24, 1998.
Bennett M. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein, Assistant Attorney General, for appellee.
Before NESBITT and FLETCHER, JJ., and CLARENCE T. JOHNSON, Jr., Senior Judge.
PER CURIAM.
Following a "smash and grab" robbery in the vicinity of the Miami Arena, David Edward Cooper was arrested and charged with burglary with an assault, attempted robbery, and robbery. The crimes occurred when a group of criminals surrounded the car in which the victims were riding, smashed in three of its windows, and reached inside the car in order to steal the victims' jewelry.
Cooper asserted that he was not involved in the crime; however all four of the victims identified him as one of the perpetrators, and specifically identified him as the man who had reached into the car and robbed the women of their jewelry. This identification *1217 was made several minutes after the crime, when the victims returned to the scene with the police. The victims specifically remembered the attire of the man who had reached into their carhe was wearing a green shirt and a black leather cap. When apprehended at the scene, Cooper was so attired. Cooper produced three witnesses at trial who testified that Cooper had observed, but had not been involved in, the crime. Cooper was convicted and sentenced to twenty years on the burglary and robbery convictions and to ten years on the attempted robbery conviction.
Cooper challenges comments made by the prosecutor during closing argument, asserting that they were improper and warrant reversal of his convictions. While we agree with Cooper that the comments were improper, we do not agree that they denied Cooper a fair trial and, therefore, affirm the convictions. However, we are obligated to comment on the impropriety of the prosecutor's comments, which inferred that Cooper had suborned perjury or had otherwise introduced manufactured testimony by the defense witnesses. The prosecutor stated:
The stream from which [the defense] evidence came is corrupt, it's corrupt because it's not truthful. It's not truthful, it's corrupt, and it's polluted. It's ridiculous, the case that they presented, and why did they present a case like this, why? Because [Cooper's] back is against the wall and he has nowhere else to go, so he gets these three people, his friends.... There are some decent, hardworking people who live in ... Overtown ... but unfortunately, none of them were out in the street that night and none of them came in to testify in this case.
A suggestion that the defendant suborned perjury or that a defense witness manufactured evidence, without a foundation in the record, is completely improper. See e.g., Henry v. State, 651 So.2d 1267, 1269 (Fla. 4th DCA 1995); Jones v. State, 449 So.2d 313, 314 (Fla. 5th DCA 1984); Fla. R. Prof'l Conduct 4-3.4(d). The credibility of the defense witnesses, or of any witness, is for the jury to decide. See e.g., Hufham v. State, 400 So.2d 133, 135 (Fla. 5th DCA 1981). While the State is certainly entitled to vigorous representation, it must nevertheless maintain the high standard of professionalism required of every officer of the court.
Certainly, reminding the jury of inconsistencies in the defense witnesses' version of events would be permissiblethese inconsistencies were on the record. Suggesting that the witnesses committed perjury is something else altogether. The prosecutor's comments hereimpugning the defense witnesses and the defendant without any record basiswere improper, unethical and unprofessional; we hereby voice our strong disapproval of them. The trial judge undoubtedly recognized the impropriety of the comments because he sustained defense counsel's objection to them. We urge trial courts to supplement such rulings, in the future, with an admonishment to the offending attorney, if not disciplinary sanctions.
Despite the impropriety of the prosecutor's remarks, a new trial is not warranted in the instant case. See Lopez v. State, 555 So.2d 1298 (Fla. 3d DCA 1990). The comments, though improper, were not so inflammatory or egregious as to deprive Cooper of a fair trial. Further, the evidence of guilt in this caseprimarily, the positive and particularized identification of Cooper as the robber by all four victims within minutes of the crime and without hesitationwas overwhelming. See State v. Murray, 443 So.2d 955, 956-57 (Fla.1984); Lewis v. State, 711 So.2d 205 (Fla. 3d DCA 1998).
Therefore, for the reasons stated above, we affirm the convictions and sentences below. However, we remand solely for the purpose of determining the proper number of days for time served that should have been credited towards Cooper's sentences.[1]
NOTES
[1] Cooper asserts that, as he was in custody from the date of his arrest on Sept. 10, 1995, until his sentencing on Nov. 22, 1996, the correct number of days for time served should have been 438 days; however, he was only credited with 166 days.