744 So.2d 1043 (1999)
Arnie M. BERKOWITZ, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3061.
District Court of Appeal of Florida, Fourth District.
August 25, 1999.
*1044 Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Arnie M. Berkowitz appeals his judgment of conviction and sentence for the crimes of aggravated assault with a firearm and battery, contending, among other things, that improper argument by the prosecutor requires reversal. We agree and reverse because we find that the prosecutor's allegation during closing argument that Berkowitz and the principal defense witness got together and "contrived and concocted" their story was not supported by any evidence, was improper and deprived appellant of a fair trial.
The charges against Berkowitz stem from an unfortunately all too familiar case of "road rage" where a trivial traffic incident escalates into a physical confrontation between the two drivers. Robert Slaughter, the alleged victim of the assault and battery, testified that Berkowitz "cut him off" in traffic. Following this incident, Slaughter confronted Berkowitz at a K-Mart on Jog Road in Palm Beach County. Essentially, Slaughter claimed that Berkowitz was the aggressor and had pulled a gun on him. The only other witness to the incident was Ronald Kekacs. The police testified that they only learned that Kekacs was a witness when, ten days after the incident, Berkowitz gave them a letter explaining that on the afternoon of the incident he had run into Kekacs at a gas station and Kekacs indicated to him that he witnessed the morning's events. Kekacs testified that he was present at the K-Mart when the altercation erupted and that he observed Slaughter strike Berkowitz. According to Kekacs, Berkowitz never had a gun. Two store employees also testified at trial, but neither actually saw the confrontation. Both testified, however, that they heard Berkowitz exclaim that Slaughter had struck him.
During closing arguments, Kekacs' credibility became an issue. Initially, the prosecutor characterized Kekacs as a "surprise witness," pointing to the coincidence of Berkowitz running into Kekacs, a man unknown to him at the time, at a gas station. In turn, defense counsel focused on Slaughter's credibility. In rebuttal, the prosecutor made the following argument, which forms the basis for Berkowitz' claim on appeal:
Things that make, should make you say, mmm. Every witness that got on this stand was not credible according to the defense counsel. But Mr. Kekacs. Mmm. Why would a man who's in a store watching two guys go at it leave that store without standing there.... Is it reasonable that a person in a store that sees something like that would just leave the scene and have no further involvement? Not at least stay there and watch and see if these guys are gonna kill each other? Or to make sure that a store employee was gonna be there? Things that make you go mmm.
... Is it reasonable that he just by happenstance drives up to his store, the guy he's talked to about four times before this trial? Everybody's got an interest *1045 in this case but Mr. Kekacs. The defendant calls him trying to buy a car. He testified that he didn't know this defendant before then. Why would the defendant call him to ask him to buy a car? He told you that right on the stand. Things that make you go mmm.
If it smells like a fish, and it swims like a fish, it might be a fish.
. . . .
Mr. Kekacs, I submit to you, was not a credible witness. You get to determine that. The inconsistencies in what Mr. Kekacs said and what the letter that the defendant wrote, Mr. Kekacs told you, are a bunch of things, that he conveniently left out. Everything that this man did.
. . . .
Members of the jury, I submit to you that Mr. Kekacs is our alien. It's possible that he saw it, but it's not reasonable based on all of the facts and evidence. A reasonable interpretation of the evidence is that Mr. Kekacs did not see it. A reasonable interpretation of the facts is that Mr. Kekacs and this defendant got together and they contrived and concocted their story. (emphasis added).
Defense counsel objected and the objection was overruled. The prosecutor reiterated, "A reasonable interpretation of the facts and evidence is that Mr. Kekacs and this defendant got together and contrived and concocted the story." It is the "contrived and concocted" remark which Berkowitz claims entitles him to a new trial.
We find that the prosecutor's allegation that Berkowitz and Kekacs got together and made-up or concocted Kekacs' testimony was improper. "A suggestion that the defendant suborned perjury or that a defense witness manufactured evidence, without a foundation in the record, is completely improper." Cooper v. State, 712 So.2d 1216, 1217 (Fla. 3d DCA), review denied, 720 So.2d 518 (Fla.1998); see also Henry v. State, 651 So.2d 1267, 1268 (Fla. 4th DCA 1995)("That [prosecutor's argument] suggests that the defense was engaged in tampering with a witness and suborning perjury, both criminal offenses. Such a comment is highly irregular, impermissible, and prejudicial."); Landry v. State, 620 So.2d 1099, 1101 (Fla. 4th DCA 1993)("A fair reading of the comment would be that the defense `conjured up' the boarder [a witness], or in other words was presenting false testimony. Such argument is highly improper."). There simply was nothing in the instant record to support the prosecutor's charge. Even if Kekacs' testimony was as unworthy of belief as the prosecutor tried to demonstrate, that does not in any way lead to the conclusion that Berkowitz was involved in encouraging the witness to testify as he did.
In order for improper prosecutorial comments to require reversal and remand, the comments must deprive the defendant of a fair trial. See, e.g., Perry v. State, 718 So.2d 1258, 1260 (Fla. 1st DCA 1998); Cooper, 712 So.2d at 1217. Following the Criminal Appeals Reform Act, the burden of demonstrating prejudice is upon the defendant/appellant. See Barnes v. State, 743 So.2d 1105 (Fla. 4th DCA 1999), reh'g denied, 743 So.2d at 1109 (Fla. 4th DCA 1999). We believe that Berkowitz has carried that burden. See Doherty v. State, 726 So.2d 837, 838 (Fla. 4th DCA 1999)(holding that where appellant challenges a non-constitutional error, the Criminal Appeals Reform Act requires that he demonstrate that there is a "reasonable possibility" that the error affected the verdict). Since neither of the K-Mart employees witnessed the altercation, the instant case boiled down to a swearing match between Slaughter, the alleged victim, and Kekacs, the witness called on behalf of the defendant. Credibility was the critical issue in this case. Accordingly, *1046 we reverse Berkowitz' convictions and remand for a new trial.
REVERSED and REMANDED.
STONE and SHAHOOD, JJ., concur.