WARNER, J.
In closing argument the prosecutor suggested that appellant and his witness had agreed on and aligned their testimony, suggesting fabrication of their version of events. Although the defense objected, the trial court overruled the objection. This highly improper argument requires reversal of this case, as the error is not harmless.
*791 The state charged appellant Chavers with fleeing and eluding as well as possession of cocaine and cannabis. The charges stemmed from what officers testified was a high speed chase, and what Chavers and his witness claimed was no chase at all with the officers planting drugs in Chav-ers’s vehicle.
According to the state’s case, two officers in a marked police car observed a vehicle run a stop sign. They activated their lights and siren, but the vehicle did not stop. Instead, the driver ran several other stop signs and continued down the road at speeds in excess of seventy miles per hour. During the chase, they observed only appellant Chavers in the vehicle whom they also observed throwing small plastic packets out of the driver’s side window. One of the officers, with two years on the force and experience in narcotics arrests, testified that the packages looked like the types of packages in which marijuana or cocaine was distributed.
Chavers eventually pulled over after about two miles and got out of the car. One of the officers approached with his gun drawn. Chavers was cooperative with the officers. Another officer arrived and looked in Chavers’s vehicle. He found a green leafy substance, which he believed to be marijuana, on the driver’s seat of the vehicle. The substance was in plain view, sticking out of the crevice of the seat. Additionally, one of the other officers found a piece of what appeared to be crack cocaine on the stick shifter in the middle of the vehicle. Lab testing revealed that officers had collected 1.84 grams of marijuana and 83 milligrams of cocaine from appellant’s vehicle.
On the defense side of the case, witness Alan McCullon testified to a significantly different version of events. On the date in question, Chavers was giving McCullon a ride to a friend’s house. On their way a police car behind them activated its lights, but not its siren. Chavers pulled over to the side of the road. The police car stayed behind Chavers’s car. However, no one got out of the police car, so Chavers proceeded to drive off. He then dropped McCullon off at the friend’s house. McCullon testified that Chavers did not speed, did not run a red light, and did not run any stop signs, nor was anything thrown out of the vehicle. To McCullon’s knowledge, Chavers did not have any drugs in the vehicle. When McCullon called Chavers later, Chavers told him that he had been arrested.
McCullon acknowledged having a conversation with Chavers in which Chavers told him that he needed McCullon to testify to “what happened the day when we were in the car when he dropped me off.” McCullon described the conversation as follows: “He said tell them what happened. That’s all we need you for. Tell them what happened.” As McCullon put it, “He said I need you to come to court. They want to stick me with fleeing and eluding and some other charges.”
Chavers testified to much of the same version of events as did McCullon up until the time he dropped McCullon off. After that he proceeded on, not noticing any police following him. When he reached an intersection, he saw the police car approaching him with its lights and siren activated. The car pulled right behind appellant, so he did not go anywhere. Officers approached his vehicle with guns drawn. An officer grabbed Chavers’s arm, pulled him out of the car, and handcuffed him. Officers told him they found crack cocaine and a big bud of marijuana in his car. He denied throwing anything out of his car. Chavers testified that there were no drugs in his car, and he thought that the police had set him up and planted the drugs in his car.
*792 The jury acquitted Chavers of fleeing and eluding but convicted him of possession of cocaine and marijuana. The trial court sentenced him to the county jail for the two drug charges. This appeal follows.
Chavers claims that the prosecutor made several improper statements in closing argument meriting a new trial. We conclude that only one set of statements preserved by objection constituted error and was sufficiently harmful to warrant a new trial.
During closing argument, the prosecutor stated the following:
Does Mr. Chavers have an interest in how this case comes out? Does Mr. Chavers’ friend have an interest in how this case turns out? Mr. Chavers’ friend who said that Mr. Chavers asked him to come in and tell them what happened. Evaluate that. Is that the conversation that was had? Hey, Alan, you need to go to the jury, go to trial and tell them what happened. Or was it you need to go and tell the jury the same story I’m going to tell them....
Those two stories are very consistent. Because Mr. Chavers asked his friend to come in here and tell you that nothing happened and this was completely fabricated.
At that point, defense counsel objected, but the trial court overruled the objection. Shortly thereafter, the prosecutor again said that McCullon and Chavers “discussed their testimony and said this is what we’re going to say happened on this day.”
“A suggestion that the defendant suborned perjury or that a defense witness manufactured evidence, without a foundation in the record, is completely improper.” Cooper v. State, 712 So.2d 1216, 1217 (Fla. 3d DCA 1998). As we said in Henry v. State, 651 So.2d 1267, 1268-69 (Fla. 4th DCA 1995):
The implication by the prosecutor in this case was that the defense “got to” the witness. That suggests that the defense was engaged in tampering with a witness and suborning perjury, both criminal offenses. Such a comment is highly irregular, impermissible, and prejudicial. See Jones v. State, 449 So.2d 313 (Fla. 5th DCA 1984), rev. denied, 456 So.2d 1182 (Fla.1984). We strongly disapprove of the prosecutor’s making comments which impugn the defense without any basis.
In Berkowitz v. State, 744 So.2d 1043 (Fla. 4th DCA 1999), this court reversed the defendant’s conviction where the prosecutor stated in closing argument that a reasonable interpretation of the facts was that the defense witness and the defendant “got together and they contrived and concocted their story.” Id. at 1045. We noted that even if the witness’s testimony was unworthy of belief, there was nothing in the record to support the prosecutor’s charge that the defendant encouraged the witness to testify as he did. Id. This court found that the error was not harmless, as the entire case boiled down to the credibility of the defense witness and the victim. Id.
Although the jury acquitted Chav-ers of fleeing and eluding, thus suggesting that they found McCullon and Chavers’s version of the events credible, we still cannot say that this highly prejudicial comment was harmless beyond a reasonable doubt. McCullon also testified that he did not see any drugs in the car. To that extent, the jury did not believe his testimony and may have been swayed by the prosecutor’s argument. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) teaches:
The harmless error test, as set forth in Chapman [v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ] and *793 progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.
Where the state relies on highly improper, unprofessional argument to sway the jury of the lack of credibility of the defense’s case, we cannot say beyond a reasonable doubt that it did not contribute to the conviction, even on those counts on which the defense witness gave only modest testimony.
Chavers also claims that the court erred in admitting the testimony of the officer who allegedly saw him throw packages looking like drug containers out of the window. He argues that because the officer did not specifically testify to his experience with cocaine, there was no basis for admitting his opinion that the substance allegedly dumped out of appellant’s car window was cocaine. We decline to address this issue, as it was not preserved because this specific legal ground was not argued to the trial court. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985).
At bar, Chavers objected that the officer’s testimony that these little bags, thrown out of the car four to six car lengths in front of the police car, was sheer speculation. An objection that the testimony was speculative is not sufficient to place the trial court on notice of any alleged error in admitting opinion evidence without proper foundation. See, e.g., State v. Hubbs, 268 N.W.2d 188, 189 (Iowa 1978) (general objection that evidence was “speculative” was insufficient to preserve error in admitting opinion evidence); see also In re M.D.S., 1 S.W.3d 190, 202 (Tex.App.1999) (holding that an objection that the witness’s opinion was based on speculation was not sufficient to preserve error as to the witness’s qualifications as an expert). In this case, there was no objection raised to the officer’s qualifications to give an opinion as to the substance being thrown out of the car window. Had such an objection been made, the prosecutor would have had the opportunity to try to lay the appropriate foundation for such opinion testimony. As the issue is not preserved, we do not address it further.
For the foregoing reasons, we reverse Chavers’s convictions and remand for a new trial.
SHAHOOD, C.J., and STEVENSON, J., concur.