LAWSON, J.
 

 Jacqueline Moore appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which raised eleven claims. Because the rationale for denial, along with record attachments, supports the trial court’s ruling with respect to ten of the claims, we affirm as to those issues without further discussion. However, we reverse the summary denial of Moore’s first claim, and remand for an evidentiary hearing on that claim only.
 

 Moore was convicted of attempted first degree murder with a firearm following a jury trial on that charge. Her conviction was affirmed on appeal.
 
 Moore v. State,
 
 942 So.2d 897 (Fla. 5th DCA 2006). The first claim in Moore’s 8.850 motion alleged that her trial counsel provided ineffective assistance by failing to object when the State introduced a firearm taken from her home into evidence, along with photographs of other firearms that had been stored in her home. In summarily denying this claim, the trial court confusingly reasons that this “evidence was
 
 relevant,
 
 and Counsel clarified that none of the firearms found inside the Defendant’s residence could have fired the caliber of projectile recovered from the victim.” (emphasis added) Of course, if there was no evidence linking any of these firearms to the charged crime, evidence of the firearms would be
 
 irrelevant,
 
 and should have been excluded upon proper objection.
 
 See, e.g., Sosa v. State,
 
 639 So.2d 173 (Fla. 3d
 
 *1179
 
 DCA 1994) (holding that it was error to admit into evidence .880 cartridges found in defendant’s car where there was no link established between the cartridges and the crime charged);
 
 Huhn v. State,
 
 511 So.2d 583 (Fla. 4th DCA 1987) (holding that it was error to admit into evidence a gun purchased by the defendant which was not connected with the charged crimes);
 
 Rigdon v. State,
 
 621 So.2d 475 (Fla. 4th DCA 1993) (reversing a conviction for aggravated assault with a firearm where the trial court admitted into evidence a semi-automatic weapon found on the defendant’s bed because there had been no connection established between the weapon and the crime).
 

 The trial court also found no reasonable probability that the outcome at trial would have been different even if trial counsel had objected and the firearm evidence had been excluded.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (explaining that relief on a claim of ineffective assistance of counsel should generally only be granted if the defendant establishes that he or she was prejudiced by the claimed error). In reaching this conclusion, the trial court relied solely on the strength of the victim’s testimony, stating that the “victim had no doubt that the Defendant, who had been his girlfriend for three years, was the perpetrator.” Moore argues that the certainty expressed by one witness, standing alone in a “he-said, she-said” case, cannot support the trial judge’s conclusion that she suffered no prejudice as a result of the alleged error of counsel. Having reviewed the very limited portions of the record relied upon by the trial judge on this point, we cannot conclude that there is no reasonable probability that the outcome at trial would have been different had the firearm evidence been excluded.
 

 Therefore, we reverse the summary denial of Moore’s first postconviction claim and remand for an evidentiary hearing on the claim.
 

 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
 

 EVANDER and COHEN, JJ., concur.