ON MOTION FOR REHEARING AND REHEARING EN BANC
 

 DAMOORGIAN, J.
 

 Nicholas Agatheas filed a Motion for Rehearing and Rehearing En Banc. We deny appellant’s motions, withdraw our opinion of December 16, 2009, and substitute the following.
 

 After being tried and convicted of first degree murder with a firearm, Nicholas Agatheas (“the defendant”) appeals. We affirm.
 

 On September 20, 2006, the defendant was arrested for murdering Thomas Villa-
 
 *206
 
 no (“the victim”). The State’s theory at trial was that the defendant hated the victim and retaliated against the victim for allegedly raping one of the defendant’s friends. The State argued that, on the night of the murder, the defendant showed up at the victim’s house and fatally shot him eight times in the head and neck.
 

 The defendant’s former girlfriend testified that weeks prior to the murder, she walked in on the defendant in her bedroom dressed in black clothes wearing a bandana on his face and holding a revolver-type gun in his hand. She described the defendant’s appearance as that of a “gangster.” When she started to laugh, he grew very serious and told her that this was the way he was now.'
 

 On the day of the murder, the defendant and the former girlfriend fought, and the defendant made arrangements to stay at a friend’s house that night. The former girlfriend then went to work and did not return home until later that evening. Shortly after arriving home, she noticed that the backpack in which the defendant stored his gun was missing from her closet. She had not spoken to the defendant since their fight earlier that day. Several hours after retiring to bed that night, she was awoken by the defendant’s phone call. According to the former girlfriend, the defendant called her from a pay phone and asked her to contact his friend and arrange for his friend to pick him up. The former girlfriend agreed and made the call.
 

 A few nights later, while the former girlfriend and the defendant were watching TV, a news story aired about the victim’s murder. At this time, the defendant bragged to the former girlfriend that he murdered the victim because the victim raped one of his friends. He also admitted to her that he took off his t-shirt and left it at the scene of the crime. After murdering the victim, he drove the victim’s car around listening to music very loudly before abandoning it.
 

 During the investigation of the murder, the police recovered a black t-shirt with the defendant’s DNA in the front yard of the victim’s residence. The police also recovered the victim’s vehicle near the pay phone the defendant used to call his former girlfriend on the night of the murder. The radio in the recovered vehicle was set at a high volume. Although there was evidence connecting the defendant to the crime, he was not charged at that time. It was not until the former girlfriend came forward years later that there was sufficient evidence to charge the defendant. With the former girlfriend’s statement, the police arrested the defendant for the murder. At the time of the arrest, the defendant had in his possession a backpack, which contained, among other things, a .45 caliber revolver and latex gloves nestled inside another pair of gloves.
 

 At trial, the State introduced the actual contents of the defendant’s backpack and photographs of the contents, which included the .45 caliber revolver, latex gloves nestled inside another pair of gloves, a flashlight, batteries, a lighter, a screwdriver, and a bandana. However, as established by uncontroverted expert testimony, the gun used to murder the victim was a “.38 caliber gun or a .38 class gun.” The defendant’s counsel did not object at trial to the introduction of this evidence.
 

 On appeal, the defendant claims that his trial counsel was ineffective for failing to object to the introduction of the .45 caliber revolver and the other contents of his backpack, and that the facts giving rise to this claim are apparent on the face of the record.
 
 See Jones v. State,
 
 815 So.2d 772, 772 (Fla. 4th DCA 2002) (“[Ineffective assistance of counsel will only be addressed on direct appeal for the first time
 
 *207
 
 when the facts giving rise to the claim are apparent on the face of the record, a conflict of interest is shown, or prejudice to the defendant is shown.”). The defendant also argues that the introduction of the revolver was highly prejudicial and that it was fundamental error for the trial court to admit this evidence because the State failed to connect the revolver to the murder.
 

 We first address the defendant’s ineffective assistance of counsel claim. An ineffective assistance of counsel claim is a mixed question of law and fact that is subject to de novo review.
 
 Bowman v. State,
 
 748 So.2d 1082, 1083-84 (Fla. 4th DCA 2000). In
 
 State v. Pearce,
 
 the Florida Supreme Court cited the U.S. Supreme Court’s ineffective assistance of counsel test in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and noted the heavy burden a defendant faces in order to prevail on an ineffective assistance of counsel claim:
 

 [I]n ineffective assistance of counsel claims two requirements must be satisfied: (1) the claimant must identify a particular act or omission of the lawyer that is outside the broad range of reasonably competent performance under prevailing professional standards, and (2) the clear, substantial deficiency shown must further be shown to have affected the fairness and reliability of the proceeding so that confidence in the outcome is undermined. As to the first prong, the defendant must establish that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. There is a strong presumption that trial counsel’s performance was not ineffective.
 

 994 So.2d 1094, 1099 (Fla.2008) (citations and quotation marks omitted).
 

 As to the first prong of the
 
 Strickland
 
 test, as cited in
 
 Pearce,
 
 the defendant argues that his trial counsel should have objected to the admissibility of the backpack contents because the State failed to show how the contents were linked to the murder, and the evidence suggested that the defendant had a propensity to engage in criminal activities. We disagree and conclude that this evidence was relevant to corroborate the former girlfriend’s testimony.
 
 See Czubak v. State,
 
 570 So.2d 925, 928-29 (Fla.1990);
 
 Williams v. State,
 
 834 So.2d 923, 926 (Fla. 3d DCA 2003),
 
 rev’d on other grounds,
 
 863 So.2d 1189 (Fla.2003) (citing
 
 Allen v. State,
 
 662 So.2d 323, 327 (Fla.1995));
 
 Kirby v. State,
 
 625 So.2d 51, 53 (Fla. 3d DCA 1993) (stating that a photograph is admissible if relevant to an issue at trial, either independently or to corroborate other evidence, unless the probative value is outweighed by undue prejudice). On several occasions throughout the trial, the defendant’s trial attorney attacked the former girlfriend’s credibility, arguing, among other things, that she fabricated the story after a private investigator leaked information to her. The .45 caliber revolver and bandana recovered from the defendant’s backpack corroborated her testimony regarding her observations around the time the crime was committed. The photographs of these items were, therefore, relevant to her credibility. We also conclude that the latex gloves and photographs of the gloves were relevant and admissible because latex gloves like the ones found in the defendant’s backpack were found along the path from the victim’s vehicle to the pay phone that the defendant used to contact the former girlfriend on the night of the murder. The defendant’s trial attorney was not ineffective for failing to object to evidence that we conclude was relevant and admissible.
 

 Although we have not found, and the State has not identified, any evidence
 
 *208
 
 connecting the flashlight, batteries, lighter, and screwdriver to the murder, we conclude that the erroneous admission of these items did not undermine confidence in the outcome of this cause and that the admission of this evidence was harmless.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1139 (Fla.1986). Accordingly, we hold that the defendant has not stated a claim for ineffective assistance of counsel regarding the trial attorney’s failure to object to these items.
 

 Having concluded that the .45 caliber revolver, bandana, and latex gloves, and photographs of these items were relevant and admissible, and that the admission of the other backpack contents was harmless error, we need not address the defendant’s claim that the admission of this evidence constitutes fundamental error.
 
 [1]
 

 We find no merit to any of the other issues raised.
 

 Affirmed.
 

 MAY and CIKLIN, JJ., concur.
 

 [1]
 

 . The defendant correctly notes that fundamental error is the appropriate standard of review for this issue. Although a preserved argument regarding the admissibility of evidence is reviewed for abuse of discretion, the issue was not preserved for appellate review because no contemporaneous objection was made at trial; an unpreserved argument is reviewed only for fundamental error.
 
 See State v. Calvert,
 
 15 So.3d 946, 948 (Fla. 4th DCA 2009).