DAMOORGIAN, J.
 

 Ervin Evans appeals his judgment and sentence for attempted second degree murder. Evans argues that the prosecutor’s comments during closing implying tampering with a witness and the suborning of perjury by the defense, without any evidence whatsoever of any improper contact with the witness, warrants a new trial. We agree and reverse and remand for a new trial.
 

 Evans was charged with stabbing Kenneth Rawls during a fight that involved Rawls, Evans and Evans’ brother Steve. At trial Rawls and his wife provided the following version of the events leading up to the attack. On the night before the stabbing, Evans and Rawls had a dispute. Early in the day, Evans had tried to forcefully enter Rawls’ apartment, mistakenly believing that Rawls was inside. Evans
 
 *1204
 
 then made a series of phone calls and text messages to Rawls, making abusive statements about Rawls’ wife and threatening her. Rawls had returned to his apartment by the time he received the messages threatening his wife. He went outside to confront Evans, who at that time was in the common area of the apartment complex where both men lived. Rawls had no weapon. Evans was accompanied by Steve, and a verbal argument ensued. Rawls’ wife ultimately persuaded Rawls to return into their apartment, at which point Steve attempted to strike Rawls. A fight broke out. While Steve and Rawls fought, Evans pulled a knife and stabbed Rawls in the back. Rawls fell to the ground, and Steve repeatedly kicked him while Evans stabbed him a total of five times.
 

 According to testimony provided by Evans, Steve and Steve’s wife, it was Rawls who had been behaving aggressively toward Evans. Rawls was angry because he believed Evans had informed Rawls’ wife that Rawls had been involved romantically with another woman. Rawls confronted Evans on multiple occasions the day of the stabbing, even throwing a brick at him. Evans refused to fight. During the evening, Steve was on his way to visit Evans at his apartment when he was confronted by Rawls. Evans, who had been inside his apartment using scissors to cut marijuana, emerged to see what the commotion was. Rawls threatened to kill both men. Evans observed Rawls grabbing at his hip, or an object under his shirt, and believed Rawls had a gun. Rawls began the fight by striking Steve. Believing that Rawls had a gun and intended to kill Evans, Evans stabbed Rawls with the scissors. Steve and his wife corroborated Evans’ testimony that Rawls had initiated the fight.
 

 Evans first argues that during closing argument the prosecutor improperly suggested that the defense engaged in witness tampering and suborning of perjury by making the following comment regarding Chante Evans:
 
 [1]
 

 What weight does Chante have? I proffer to you zero. Zero. This is the sister of the defendant who hey sister-in-law, take the stand testify on my behalf. Go ahead say that. Hook me up. Help me out. I proffer to you that’s what that was. A woman who had no opportunity to see anything other than what benefits him.
 

 The State went on to say that Evans and Steve had had “three weeks to think of something” and that they “concocted” the story.
 

 Evans acknowledges that this argument was not preserved for review and, therefore, reversal is proper only if the prosecutor’s statements constituted fundamental error.
 
 Agatheas v. State,
 
 28 So.3d 204, 208 n. 1 (Fla. 4th DCA 2010). Fundamental error in closing argument is “error that ‘reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’”
 
 Kilgore v. State,
 
 688 So.2d 895, 898 (Fla. 1996) (quoting
 
 State v. Delva,
 
 575 So.2d 643, 644-45 (Fla.1991)).
 

 “A suggestion that the defendant suborned perjury or that a defense witness manufactured evidence, without a foundation in the record, is completely improper.”
 
 Cooper v. State,
 
 712 So.2d 1216, 1217 (Fla. 3d DCA 1998). In
 
 Henry v. State,
 
 651 So.2d 1267, 1268 (Fla. 4th DCA 1995), we reversed the defendant’s conviction because the prosecutor argued during closing that “somebody ‘got to’ one of the defense alibi witnesses, without any evidence whatsoever of any improper contact with the
 
 *1205
 
 witness.” Writing for the majority, Judge Warner noted that “[t]he fact that a witness is impeached may imply that the witness is lying, but it does not imply that someone else has made the witness change her story.”
 
 Id.
 
 at 1268. The implication of such comments is that the defendant has engaged in witness tampering or suborning perjury.
 
 Id. See also Berkowitz v. State,
 
 744 So.2d 1043, 1045 (Fla. 4th DCA 1999) (reversing where the prosecutor told the jury that it was a “reasonable interpretation” of the facts to believe the defendant and the witness “got together and they contrived and concocted their story.”);
 
 Chavers v. State,
 
 964 So.2d 790, 792 (Fla. 4th DCA 2007) (reversing conviction where prosecutor told the jury that the defendant’s and the witness’ testimony was similar because “[defendant] asked his friend to come in here and tell you that nothing happened and this was completely fabricated.”) Such comments, without any predicate, are highly irregular, impermissible, and prejudicial.
 
 Henry,
 
 651 So.2d at 1268.
 

 The State suggests the comments at issue “permissibly questioned the credibility of [defendant’s] witnesses” and “were logical inferences from the evidence as well as the manner in which it was presented.” We disagree. It is one thing to question the credibility of a witness who tells different versions of the same story, and quite another to suggest that the defendant was engaged in witness tampering or suborning perjury.
 

 We next turn to whether the prosecutor’s comments constitute fundamental error. This case was highly contested, the evidence consisting, in large part, of conflicting testimony between eye-witnesses on both sides. Moreover, while it was undisputed that Rawls was stabbed, Evans and his witnesses maintained that he was acting in self-defense. Against this backdrop, the combination of the prosecutor’s improper comments and argument, the defendant’s assertion that he was acting in self-defense, and the highly contested nature of the case convinces us that on balance Evans did not receive a fair and impartial trial, and that fundamental error occurred.
 
 Jones v. State,
 
 449 So.2d 313, 315 (Fla. 5th DCA 1984),
 
 rev. denied,
 
 456 So.2d 1182 (Fla.1984).
 
 [2]
 

 Finally, Evans argues that the trial court fundamentally erred when it instructed the jury on the justifiable use of deadly force using the former version of standard jury instruction 3.6(g). In support of his argument, Evans relies upon our opinion in
 
 Novak v. State,
 
 974 So.2d 520 (Fla. 4th DCA 2008). Because we have concluded that Evans is entitled to a new trial, he will have the benefit of the amended version of instruction 3.6(g).
 
 In re Standard Jury Instructions in Criminal Cases-Report No. 2009-01,
 
 27 So.3d 640 (Fla.2010) which addressed the issue raised in
 
 Novak
 
 and in the present case.
 

 Reversed and Remanded for a new trial.
 

 MAY and LEVINE, JJ., concur.
 

 [1]
 

 . Chante Evans is Steve's wife.
 

 [2]
 

 . We have announced that “[w]e strongly disapprove of the prosecutor’s making cont-ments which impugn the defense without any basis.”
 
 Henry,
 
 651 So.2d at 1268-69.