CANADY, C.J.,
dissenting.
I disagree with the majority’s conclusion that the Fourth District’s decision in Agatheas v. State, 28 So.3d 204 (Fla. 4th DCA 2010), expressly and directly conflicts with the Fifth District’s decision in Moore v. State, 1 So.3d 1177 (Fla. 5th DCA 2009). Accordingly, I would discharge jurisdiction.
In Moore, the Fifth District held that the postconviction court erred in summarily denying Moore’s claim that her trial counsel was ineffective in failing to object when the State introduced evidence of several firearms discovered at Moore’s house. Id. at 1178. In so holding, the Fifth District stated that “the trial court confusingly reasons that this ‘evidence was relevant, and Counsel clarified that none of the firearms found inside [Moore’s] residence could have fired the caliber of projectile recovered from the victim.’ ” Id. The Fifth District disagreed with the trial court, concluding that “if there was no evidence linking any of these firearms to the charged crime, evidence of the firearms would be irrelevant, and should have been excluded upon proper objection.” Id. The Fifth District therefore reversed the postconviction court’s summary denial of Moore’s *1242 claim and remanded for an evidentiary hearing on that claim only. Id. at 1179.
In Agatheas, however, the Fourth District expressly held that the .45 caliber revolver recovered from Agatheas’s backpack was “relevant to corroborate” prosecution witness Krauth’s testimony in response to the defense’s challenge to her credibility. 28 So.3d at 207. The .45 was not introduced by the State as evidence of Agatheas’s guilt but instead was offered to support the impeached witness’s “testimony regarding her observations around the time the crime was committed.” Id. No similar argument for relevance was considered in Moore. See 1 So.3d at 1178-79. The Fifth District’s decision in Moore is therefore factually distinguishable from the case on review.
There is no basis for this Court to exercise jurisdiction over this case. I therefore dissent.
POLSTON, J., concurs.