DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____


TAVARIS ANTONIO JOHNSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.


No. 2D23-15

_____

March 13, 2024

Appeal from the Circuit Court for Manatee County; Frederick P. Mercurio, Judge.

Rachael E. Reese and Olivia M. Newton of O'Brien Hatfield Reese, P.A. Tampa, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.


BLACK, Judge.

Tavaris Johnson appeals from the final order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the portions of the record attached to the postconviction court's order do not conclusively refute Johnson's claim that counsel rendered ineffective assistance for failing to object to the

admission of a firearm, we reverse the order to the extent that claim was summarily denied and remand for further proceedings. We affirm in all other respects without comment.

Johnson shot the victim while the victim was sitting in his vehicle, which was parked under a carport. Following a jury trial, Johnson was convicted of second-degree murder with a firearm and sentenced to life in prison as a prison releasee reoffender. This court affirmed Johnson's judgment and sentence. *See Johnson v. State*, 263 So. 3d 764 (Fla. 2d DCA 2019) (table decision). Thereafter, Johnson moved for postconviction relief, raising several claims of ineffective assistance of counsel, including that counsel was ineffective for failing to object to the admission of the firearm—claim four. The postconviction court summarily denied several of Johnson's claims, including claim four, and the remaining claims were denied following an evidentiary hearing.

Summarily denied claims are reviewed de novo, and we must accept Johnson's factual allegations to the extent that they are not refuted by the record. *See Cooper v. State*, 336 So. 3d 415, 416 (Fla. 2d DCA 2022). "A claim of ineffective assistance of counsel must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *Id.* (citing *Allen v. State*, 854 So. 2d 1255, 1261 (Fla. 2003)). "A legally and facially sufficient claim cannot be summarily denied unless it is conclusively refuted by portions of the trial court record attached to the postconviction court's order." *Robledo v. State*, 359 So. 3d 850, 852 (Fla. 2d DCA 2023); *see also* Fla. R. Crim. P. 3.850(f)(4).

In claim four of the motion Johnson alleged that counsel performed deficiently by failing to object to the admission of the firearm because the State had failed to establish a connection between the firearm and the

crime, rendering it irrelevant and inadmissible.  Johnson further alleged that the admission of the firearm served no purpose but to confuse the jury and that had the firearm not been admitted, the outcome of the trial would have been different.

The postconviction court found that Johnson's claim was conclusively refuted by the record, and it attached excerpts from the trial transcript in support of its determination.  To demonstrate that the firearm was relevant such that counsel's performance in failing to object to its admission was not deficient, the postconviction court relied upon transcript excerpts that established only that a crime scene technician had located a firearm in the backyard of a residence and collected it as evidence and that witnesses had observed Johnson with a revolver prior to the murder but not after.[1]  And to demonstrate lack of prejudice, the postconviction court relied upon the testimony from the State's firearms expert that the bullet fragment recovered from the victim had not been fired from the firearm recovered by the crime scene technician.  The postconviction court recognized that the expert's testimony "arguably decreased the relevance of the firearm" but concluded that this testimony also made it clear to the jury that the firearm admitted into evidence was not the murder weapon such that Johnson had not been prejudiced.

"Relevant evidence is evidence that tends to prove or disprove a material fact."  *Green v. State*, 27 So. 3d 731, 737 (Fla. 2d DCA 2010).  "Generally speaking, evidence that a defendant was in possession of a gun or ammunition is admissible so long as it is sufficiently tied to the

---

[1] In its order the postconviction court stated that the crime scene technician had located a revolver in the backyard.  However, in the excerpt of the trial transcript relied upon by the postconviction court the technician did not specify that the firearm recovered from the backyard was a revolver.

3

crime charged." *Holloway v. State*, 114 So. 3d 296, 297 (Fla. 4th DCA 2013). "A gun different than the one used in a crime is not relevant to prove that the crime occurred." *Downs v. State*, 65 So. 3d 594, 596 (Fla. 4th DCA 2011) (citing *O'Connor v. State*, 835 So. 2d 1226, 1230 (Fla. 4th DCA 2003)). The testimony relied upon by the postconviction court fell short of establishing the relevancy of the firearm. The limited transcript excerpts attached to the order do not establish a link between the firearm and the murder or even a link between the firearm and Johnson, particularly since the State's expert testified that the firearm was not the murder weapon. *Cf. Green*, 27 So. 3d at 737-38 ("Here, not only were these two firearms not connected in any way to the charged offenses, they were also not connected to [the defendant]. The fact that [the defendant's] roommate possessed two .380 semiautomatic firearms that were not connected to the charged offenses did not tend to prove or disprove any material fact in controversy and thus had absolutely no relevance whatsoever. Therefore, those firearms should not have been admitted into evidence under any theory."); *Sosa v. State*, 639 So. 2d 173, 174 (Fla. 3d DCA 1994) (holding that it was error to admit into evidence bullets that had been found in the defendant's car because those bullets had not been linked to the crime and an officer had testified that "the bullets [from defendant's car] could not have been fired in the gun that was fired at [the victim]" (first alteration in original)). "[I]f there was no evidence linking . . . the[] firearm[] to the charged crime, evidence of the firearm[] would be *irrelevant,* and should have been excluded upon proper objection." *Moore v. State*, 1 So. 3d 1177, 1178 (Fla. 5th DCA 2009).

As for Johnson's contention regarding jury confusion and prejudice, the postconviction court's determination that the expert's

testimony made it clear to the jury that the firearm in evidence was not the murder weapon is well taken. But reliance on this singular statement, without more, does not sufficiently refute the claim. It is not clear, for example, from the limited record documents referenced by the postconviction court how and to what extent the State relied upon the firearm throughout trial. *Cf. id.* at 1179 (holding that the postconviction court's reliance solely on the strength of the victim's testimony in summarily denying defendant's claim that counsel was ineffective for failing to object to the admission of the allegedly irrelevant firearm was insufficient to establish that there was no reasonable probability that the outcome of the trial would have been different had the firearm not been admitted).

We therefore reverse the postconviction court's order to the extent that the postconviction court summarily denied claim four. On remand, the postconviction court shall either attach portions of the record that conclusively refute Johnson's claim or hold an evidentiary hearing. *See Robledo*, 359 So. 3d at 853; *Phillips v. State*, 339 So. 3d 1097, 1099 (Fla. 2d DCA 2022).

Affirmed in part; reversed in part; remanded.


NORTHCUTT and KELLY, JJ., Concur.

—————————————————

Opinion subject to revision prior to official publication.