# Third District Court of Appeal
## State of Florida

Opinion filed June 12, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1578
Lower Tribunal No. F16-6113C
_____

**Angelo Johnson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141 (b)(2) from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Daniel J. Tibbitt, P.A. and Daniel Tibbitt, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before SCALES, LINDSEY, and MILLER, JJ.

PER CURIAM.

Affirmed. See Cooper v. State, 712 So. 2d 1216, 1217 (Fla. 3d DCA 1998), rev. denied, 720 So. 2d 518 (Fla. 1998) ("A suggestion that the defendant suborned perjury or that a defense witness manufactured evidence, without a foundation in the record, is completely improper."); see also Calloway v. State, 210 So. 3d 1160, 1182 (Fla. 2017) ("[E]xperts may not comment on the credibility of other witnesses. This limitation is intended to minimize any effect that the expert status of the witness may have on the jury's reception of the testimony.") (internal citations omitted); White v. State, 964 So. 2d 1278, 1286 (Fla. 2007) ("A defendant cannot establish ineffective assistance of counsel based on counsel's failure to call a witness who is unavailable."); Jacobson v. Humana Med. Plan, Inc., 636 So. 2d 120, 121 (Fla. 3d DCA 1994) ("[T]he doctrine of the 'law of the case[]' . . . is that those points of law adjudicated in a former appeal are binding in order to promote stability of judicial decisions and to avoid piecemeal litigation."); Deparvine v. State, 146 So. 3d 1071, 1088, 1095–96 (Fla. 2014) (finding trial counsel's failure to develop evidence and cross-examine witness on issue did not "demonstrate deficient performance or prejudice" and was not ineffective because testimony would have little substance on outcome of case).