PER CURIAM.
Winston Wilkins appeals the denial of his motion for postconviction relief in this 1995 case. The motion was untimely under Rule 3.850(b). In the motion, Wilkins, who is now in federal custody, alleged that he pleaded to simple possession of marijuana, not possession with intent to sell as reflected in his records. The trial court denied the motion. We affirm without prejudice for appellant to demonstrate that the face of the record shows that the written judgment for this case is incorrect.
A clerical mistake in a judgment can be corrected at any time. Wells v. State, 796 So.2d 1276, 1277 (Fla. 4th DCA 2001). In Williams v. State, 957 So.2d 600, 604 (Fla.2007), the Florida Supreme Court held that a challenge to a written sentence which conflicts with the oral pronouncement can be raised in a Rule 3.800(a) motion. The court explained:
However, since we have held that the oral pronouncement is, in effect, the controlling disposition, we also conclude that the oral imposition of sentence should at all times be considered a necessary part of the official record if á transcript of the sentencing proceeding is in the court file or, alternatively, a petitioner attaches a certified copy of the sentencing transcript to the rule 3.800(a) motion. In this way the burden remains with the petitioner to demonstrate an entitlement to relief on the face of the record. If the sentencing transcript is neither in the file nor attached to the motion, the motion should be denied without prejudice to the filing of an amended motion properly attaching the sentencing transcript.
Id. at 604.
The circumstances here are analogous. Appellant did not attach a transcript of his plea colloquy or demonstrate that the face of the record entitles him to correction of the written judgment. We affirm without prejudice for appellant to file such a motion if he can do so in good faith.

Affirmed without prejudice.

CIKLIN, GERBER and LEVINE, JJ., concur.