WALLIS, J.
Joey Hughes (“Appellant”) appeals his convictions and sentences after pleading nolo contendere to use of a computer to solicit a child for unlawful sexual conduct (“solicitation”), in violation of section 847.0135(3)(a), Florida Statutes (2014), and traveling to meet a child to engage in unlawful sexual conduct (“traveling after solicitation”), in violation of section 847.0135(4)(a), Florida Statutes .(2014). We affirm the trial court’s denial of Appellant’s dispositive motion to dismiss without discussion. Finding that Appellant’s dual convictions for solicitation and traveling after solicitation violate the prohibition against double jeopardy, we reverse and remand, instructing the trial court to vacate Appellant’s conviction and sentence for solicitation.
On February 3, 2014, a detective with the Lake County Sheriffs Office responded via email to Appellant’s ad in the ¡“Casual Encounters” section on Craigslist, purporting to be a fourteen-year-old girl. Appellant and the detective exchanged emails and text messages over the next several hours, in which Appellant discussed performing various inappropriate sexual acts with the detective. After Appellant and the detective discussed the detective’s location in Clermont, referring to a nearby steakhouse as a landmark, Appellant stated that he would like to meet soon. In response, the detective offered to meet Appellant at the aforementioned steakhouse. Appellant explained that, because he had to wake up at 2 a.m. for a 14-hour workday, their meeting would have to wait. After confirming the location of the steakhouse and that the detective would - be available after 2 or 3 p.m., the next day, they ended their communication at 9:18 p.m., agreeing to meet in person the following afternoon. Appellant stated that he would message .the detective at approximately 3 p.m.
■ At 2:29 p.m. on February 4, 2014, the detective texted Appellant. After exchanging messages referencing the previous night’s conversation, Appellant asked the detective how long it would take her to walk to “that steak house.” She guessed 10 minutes, and he responded, “ahhh kk ill let you know when im close if you still want to meet.” Appellant further stated, “its just a meet up till dark.” After Appellant clarified the statement, the detective stated, “oh .;. i see. so after dark ... we get to do the things we talked about.” When Appellant asked whether a local *1232 Wendy’s would be closer, the detective stated “the [steak house] is closer ... i can meet u there n we can go to the wendys.” Nonetheless, Appellant directed the detective to “come to wendys.” Shortly after Appellant notified the detective that he was parked near Wendy’s at 4:27 p.m., law enforcement arrested him.
The State charged Appellant by information with one count of solicitation and one count of traveling after solicitation. Appellant moved to dismiss the charges, arguing objective and subjective entrapment. The trial court denied Appellant’s motion to dismiss after, a hearing. Thereafter, Appellant entered an open plea of nolo contendere to both charges, reserving the right to appeal the trial court’s denial of his motion to dismiss. The trial court sentenced Appellant to forty-two months’ incarceration on each count, to run concurrently.
Following Appellant’s convictions and sentences, the Florida Supreme Court released its opinion in State v. Shelley, 176 So.3d 914 (Fla.2015). In Shelley, the Court explained that “because the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, the offenses are the same for purposes of the Blockburger same-elements test codified in section 775.021(4), Florida Statutes.” , Id. at 919 (citation omitted). Thus, the court concluded that “double jeopardy principles prohibit separate convictions based upon the same conduct.” Id. Where dual convictions for traveling and solicitation violate double jeopardy, “the proper remedy is to vacate the solicitation conviction because it is the lesser offense.” Senger v. State, 200 So.3d 137, 147, 41 Fla. L. Weekly D1259, D1261, 2016 WL 3030829, at *7 (Fla. 5th DCA May 27, 2016) (citing Shelley, 176 So.3d at 919); see also Stapler v. State, 190 So.3d 162, 165 (Fla. 5th DCA 2016).
We disagree with the State that the seventeen-hour temporal gap between when the communications ended on February 3 and began again on February 4 renders the charges separate and distinct criminal acts. Cf. Pinder v. State, 128 So.3d 141, 144 (Fla. 5th DCA 2013) (finding no double jeopardy violation where evidence supported convictions for separate offenses, spanning eight days); Hammel v. State, 934 So.2d 634, 635 (Fla. 2d DCA 2006) (finding no double jeopardy violation where “[a]lthough some conversations were separated by only one day, other conversations occurred five or seven days apart”). Although the solicitation and traveling occurred on different days, numerous cases stand for the proposition that the traveling need not occur on the same day as the solicitation for dual convictions to violate double jeopardy. See Shelley, 176 So.3d at 919 (electronic communication over several days, followed by traveling); Mahar v. State, 190 So.3d 1123, 1125 (Fla. 2d DCA 2016) (traveling one day after electronic communication); Senger, 200 So.3d at 142, 41 Fla. L. Weekly at D1261 (traveling five days after electronic communication). Specifically, Mahar concerns circumstances nearly identical to those here:
Mr. Mahar responded to an online ad, and the relevant communications happened over the course of one night and the following day. Mr. Mahar was made aware of the age of the niece,, about whom he had expressed an interest. Arrangements were made, and he traveled to meet the girl and her purported aunt the following day. He was arrested when' he arrived at the designated *1233 location. The conversations began on March 21 and continued on March 22. He was arrested the evening of March 22.
190 So.3d at 1125.
In this ease, although Appellant’s conduct, from initial communication to travel and arrest, spanned just over twenty-four hours, slight variations could have shortened that span, eliminating the temporal gap to satisfy the State’s definition of a single criminal act. But for Appellant’s work commitment, his traveling likely would have occurred on the night of their initial communication, during which the parties discussed the detective’s location and Appellant expressed a desire to meet, or earlier on February 4, when the detective first resumed communication. Similarly, the State might have made initial contact with Appellant later on February 3. However, no matter the timing, Appellant’s conduct constituted one criminal act, for which multiple convictions would violate double jeopardy. Based on the foregoing, we find that Appellant’s dual convictions cannot stand in light of Shelley and its progeny because the “State relied upon the same conduct to charge” Appellant with both solicitation and traveling after solicitation. See 176 So.3d at 917. We reverse and remand for the trial court to vacate Appellant’s conviction and sentence for solicitation, the lesser offense. We also remand for the court to consider whether resentencing on Appellant’s conviction for traveling after solicitation is appropriate because our record does not reflect whether it would impose the same sentence based upon the recalculated scoresheet. We affirm in all other respects.
AFFIRMED in part; REVERSED in part; REMANDED with INSTRUCTIONS.
LAMBERT, J., concurs.
BERGER, J., concurs in part, dissents in part, with opinion.