IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID KEITH GRIFFITH,

      Appellant,

 v.                                     Case No. 5D15-4203

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 13, 2017

Appeal from the Circuit Court
for Lake County,
Don F. Briggs, Judge.

James S. Purdy, Public Defender, and
Kevin R. Holtz, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.

ORFINGER, J.

After entering a nolo contendere plea to a six-count information, David Griffith

appeals his judgments and sentences for one count of soliciting a child for unlawful sexual

conduct using computer services or devices (count 1), and one count of traveling to meet

a minor for illegal sexual conduct (count 2). Griffith contends that these two convictions

violate the prohibition against double jeopardy. This Court has jurisdiction. Fla. R. App. P. 9.140(b)(2)(A)(ii)(e); Holubek v. State, 173 So. 3d 1114, 1116 (Fla. 5th DCA 2015) (finding that defendant does not "specifically waive his right to appeal a double jeopardy violation by generally waiving his right to appeal at the plea colloquy").

On Monday, February 3, 2014, Griffith responded via email to a Craigslist post from a "Lonly clermont girl!" The Craigslist ad was placed by Detective Von McKenzie of the Lake County Sheriff's Office, posing as a thirteen-year-old girl named "Kelly." Griffith and "Kelly" communicated back and forth in an increasingly sexually explicit manner via email from 5:51 p.m. until 10:45 p.m. By the time the email exchanges ended that day, a tentative plan was made for "Kelly" and Griffith to meet for sexual conduct the following Friday.

The next day—Tuesday, February 4—at 5:14 a.m., Griffith emailed "Kelly" and asked, among other things, what time she woke up, where she lived, and whether sixty dollars would pay for a cell phone she wanted. At 9:00 a.m., "Kelly" responded and said that sixty dollars would be "awesome." Griffith replied, saying "So Friday, 60 dollars, where and what time?" Griffith then described the sex acts he hoped they would engage in when they met on Friday, February 7, 2014. Later that day, Griffith emailed "Kelly" again and she responded, saying that she had gotten "the nerve up" to meet him and asked him to come over that day. Griffith said he could meet her later that day by 6:00 p.m. More emails followed and, at 5:52 p.m., "Kelly" gave Griffith directions to her home and said she would meet him at the apartment complex's gate. When he arrived twenty minutes later, he was arrested.

The State charged Griffith in a six-count information, but only counts 1 and 2 are relevant to this appeal. In count 1, Griffith was charged with soliciting a child for unlawful sexual conduct using computer services or devices in violation of section 847.0135(3), Florida Statutes (2014), for his actions on February 3, 2014. In count 2, the State charged Griffith with traveling to meet a minor for illegal sexual conduct in violation of section 847.0135(4)(a), Florida Statutes (2014), for his actions on February 4, 2014. Griffith entered an open plea to all counts. During the plea colloquy, no mention was made about double jeopardy and none occurred at sentencing.

Generally, a defendant cannot raise a double jeopardy challenge for the first time on appeal. An exception to this rule applies if: (1) the defendant's plea is a general plea and not a plea bargain, (2) the double jeopardy violation is apparent on the face of the record, and (3) there is nothing in the record to indicate the defendant waived the double jeopardy violation. Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994). The burden of proving that a double jeopardy violation is apparent from the record is on the appellant. Edwards v. State, 139 So. 3d 981, 983 (Fla. 1st DCA 2014). This burden is similar to the burden on a party bringing a motion to correct a sentence under Florida Rule of Criminal Procedure 3.800, who must "demonstrate an entitlement to relief on the face of the record." Williams v. State, 957 So. 2d 600, 604 (Fla. 2007). In such motions, the movant must

> affirmatively allege that the trial court records demonstrate on their face an entitlement to relief. A mere conclusory allegation that the answer lies in the record is insufficient to satisfy the pleading requirements of the rule. At a minimum, a rule 3.800 motion should state where in the record the information can be located and explain how the record demonstrates entitlement to relief.

3

Id. If the entitlement to relief cannot be discerned from the face of the record, without resorting to fact-finding, then the motion must be denied and the relief sought by another method. Santiago v. State, 22 So. 3d 789, 790 (Fla. 5th DCA 2009) (holding movant must file rule 3.850 motion instead of rule 3.800 motion if claim cannot be resolved from face of record without resorting to fact-finding). We think this standard applies equally to double jeopardy cases because, like sentencing claims, the resolution of a double jeopardy claim often "'depends upon factual evidence involving the times, places, and circumstances of the offense,' and often cannot be determined from the face of the record." State v. Callaway, 658 So. 2d 983, 988 (Fla. 1995) (quoting Callaway v. State, 642 So. 2d 636, 639 (Fla. 2d DCA 1994)), receded from on other grounds by Dixon v. State, 730 So. 2d 265 (Fla. 1999).[1] The "record" from which a violation must be apparent consists only of what the trier of fact saw and heard. Matson v. Wilco Office Supply & Equip. Co., 541 So. 2d 767, 769 (Fla. 1st DCA 1989).

Thus, the key issue in this case is whether Griffith has pointed us to a double jeopardy violation that is apparent on the face of the record. The State argues Griffith violated the solicitation statute on February 3rd and then violated the traveling statute on

---

[1] Claimants of ineffective assistance of counsel have a similar burden. They must demonstrate the claim is apparent from the record by "identify[ing] particular acts or omissions of the lawyer" that are deficient. Ruiz v. State, 80 So. 3d 420, 421 (Fla. 4th DCA 2012) (quoting Maxwell v. Wainwright, 490 So. 2d 927, 932 (Fla. 1986)). The transcript of a hearing or trial is often key to demonstrating a violation or entitlement to relief on the face of the record. See, e.g., Robinson v. State, 141 So. 3d 656, 657-58 (Fla. 4th DCA 2014) (finding ineffective assistance of counsel was apparent from record where, "[a]s can easily be seen from the transcript of the sentencing hearing," witness would have testified consistently with defendant and inconsistently with victim); Wilkins v. State, 110 So. 3d 479, 480 (Fla. 4th DCA 2013) (noting that burden is on appellant to demonstrate that face of record shows written judgment is incorrect by attaching certified copy of sentencing transcript or plea colloquy transcript).

February 4th. In contrast, Griffith argues that his solicitation began on February 3rd and continued on February 4th until his arrest. Under the State's theory, the February 3rd solicitation was distinct from the February 4th solicitation that was a necessary component of the traveling charge. Under Griffith's theory, the February 3rd and 4th solicitations were part of one continuous criminal action that resulted in traveling.

Section 847.0135(3) prohibits the use of a computer to solicit a child, or a person believed to be a child, for sex. Section 847.0135(4) makes it a crime to travel to meet a child for sex after soliciting the child by computer. If based on the same conduct, the charge of traveling after solicitation subsumes the solicitation charge, which is a lesser included offense. State v. Shelley, 176 So. 3d 914, 919 (Fla. 2015).[2]

Appellate courts apply de novo review to double jeopardy claims based on undisputed facts. Id. at 918 n.4  In Hughes v. State, 201 So. 3d 1230 (Fla. 5th DCA 2016), this Court concluded that dual convictions for traveling and solicitation violated double jeopardy because they were based on the same conduct. In that case, an undercover officer with the Lake County Sheriff's Office posed as a fourteen-year-old girl on Craigslist and had contact with the defendant, Joey Hughes. Id. at 1231. The sexually-explicit conversations between them, which occurred via email and text, began on February 3, 2014, and ended with Hughes's arrest on February 4, 2014. By the end of the February 3rd conversations, Hughes had confirmed the location where they would meet the next afternoon. Hughes said he would message the "girl" at approximately 3:00

---

[2] In Shelley, the Florida Supreme Court held that a double jeopardy violation occurred because Shelley's convictions of solicitation and traveling after solicitation were based on the "same conduct." 176 So. 3d at 918.

5

p.m. on February 4th. At approximately 2:30 p.m. on February 4th, the detective messaged Hughes and they discussed the previous night's conversations and agreed to meet soon at the specified location. Id. When Hughes arrived, he was arrested and subsequently charged with one count of solicitation and one count of traveling. Id. at 1232. Relying on Shelley, we held that although the solicitation and traveling occurred on two different days, the dual convictions violated double jeopardy because they were based on the same conduct. Id. at 1233 (citing Shelley, 176 So. 3d at 917). We reasoned that Hughes made concrete plans on February 3rd to meet the "girl" at a predetermined location at a predetermined time and on February 4th, followed through as planned and traveled to the designated meeting spot. There was no separate solicitation after the plan was formulated.

In analyzing this case, we examine whether the record demonstrates that the two charges are based on the same conduct. We conclude Griffith's actions on February 3rd and February 4th were separate and distinct. Here, by the end of their conversation on February 3rd, Griffith and "Kelly" had a tentative agreement to meet the following Friday. That plan changed the next day when, after engaging in additional sexual exchanges, they agreed to meet that afternoon. Thus, Griffith solicited "Kelly" on February 3rd to meet a few days later, but solicited her again and traveled on February 4th. The fact that he referenced the February 3rd conversation on February 4th does not transform the actions into one continuous criminal act. Griffith's actions were not part of the "same conduct."[3]

---

[3] During the seven-hour email break between February 3rd and 4th, Griffith also had the opportunity to "pause, reflect and form a new criminal intent." See Cabrera v. State, 884 So. 2d 482, 484 (Fla. 5th DCA 2004). Griffith ended the conversation on

Because we conclude that Griffith failed to point to evidence in the record demonstrating a double jeopardy violation apparent from the record, we affirm the judgments and sentences.

AFFIRMED.

EDWARDS, J., concurs.
BERGER, J., concurs in result only.

---

Monday with a tentative plan to meet "Kelly" on Friday, waited seven hours, then reinitiated contact with her and began to make plans to travel to meet her. He emailed her twice before she woke up—once to ask where she lived and whether he should bring sixty dollars when they met, and once to ask if she liked the nude pictures that he sent her.