IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM KUCKUCK,

        Appellant/Cross-Appellee,

 v.                                   Case No.  5D16-3828

STATE OF FLORIDA,

        Appellee/Cross-Appellant.

_____/

Opinion filed December 29, 2017

Appeal from the Circuit Court
for Seminole County,
Donna L. McIntosh, Judge.

Adam Pollack, of Law Office of Adam L.
Pollack, P.A., Orlando, for Appellant/Cross-
Appellee.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee/Cross-Appellant.

PER CURIAM.

Following a jury trial, William Kuckuck was convicted of violating section 847.0135(3)(b), Florida Statutes (2016), by knowingly using a computer on-line service, internet service, or other similar device to solicit a person believed to be a parent of a minor child to obtain their consent to engage in unlawful sexual conduct with the child

("solicitation") and of violating section 847.0135(4)(b), Florida Statutes (2016), for traveling to meet the minor child to engage in unlawful sexual conduct after solicitation ("traveling").

Upon Kuckuck's post-trial motion, the trial court vacated the conviction and sentence for solicitation on double jeopardy principles. Kuckuck now appeals the traveling conviction, arguing that the trial court deprived him of his "fundamental right to a fair trial" by requiring him to go to trial on a "defective information" that exposed him to double jeopardy. The State cross-appeals, contending that because the dual convictions were not based on the same conduct, the trial court erred in vacating the conviction and sentence for solicitation based on a double jeopardy violation. Because we agree with the State, we reverse the order vacating the solicitation conviction and sentence, and we remand with directions to reinstate the conviction, judgment, and sentence.

On July 14, 2016, FBI agent Kevin Kaufman, posing as the father of eleven-year-old and nine-year-old daughters, posted an ad on Craigslist seeking "taboo" experiences for his "daughters." Shortly thereafter, Kuckuck responded by email and the two engaged in explicit communications that day regarding sexual conduct that Kuckuck sought to engage in with the "daughters." On July 15, 2016, Kuckuck initiated contact with the "father," and again communicated in a sexually explicit manner, seeking consent from the "father" to engage in sexual activity with his "daughters." During the July 15 contacts, Kuckuck and the "father" reached an agreement for Kuckuck to travel later that day to have sex with the "daughters." Upon arriving at the designated meeting location, Kuckuck was arrested.

2

The State filed a two-count information. In count one, Kuckuck was charged with solicitation for his actions of July 14, 2016, while in count two, Kuckuck was specifically charged with traveling after solicitation on July 15, 2016. The case proceeded to trial and at the close of the State's case-in-chief, Kuckuck moved for a judgment of acquittal, arguing that double jeopardy principles prohibited a conviction on the solicitation count because the conviction would be based upon the same conduct as the traveling charge and therefore was subsumed in the traveling count. *See State v. Shelley*, 176 So. 3d 914, 919 (Fla. 2015) (holding that because the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, double jeopardy principles prohibit separate convictions when based upon the same conduct). The trial court denied the motion, finding that separate acts of solicitation occurred on July 14 and July 15. After the jury found Kuckuck to be guilty on both counts, Kuckuck timely filed a renewed motion for judgment of acquittal on the same grounds that his motion argued during trial. The trial court reversed its in-trial ruling and granted the motion.

Kuckuck does not dispute the facts of his solicitation and traveling.[1] We apply a de novo standard of review to a double jeopardy claim based on undisputed facts. *Griffith v. State*, 208 So. 3d 1208, 1212 (Fla. 5th DCA 2017) (citing *Shelley*, 176 So. 3d at 918 n.4).

Here, the State carefully charged Kuckuck with committing solicitation on July 14 and with separately committing traveling after solicitation on July 15. The trial evidence presented by the State was consistent with the allegations. Moreover, unlike in *Hughes*

---

[1] Kuckuck's primary defense at trial was that he had been entrapped by law enforcement.

3

*v. State*, 201 So. 3d 1230 (Fla. 5th DCA 2016), where we found a double jeopardy violation based upon "same conduct" when the solicitation that occurred on the first day included a plan for Hughes to travel the following day, with no additional solicitation by Hughes, here, there was no agreement reached during Kuckuck's solicitation on the first day, July 14, for Kuckuck to meet with the "daughters" for sexual conduct. There was, however, a separate, distinct solicitation by Kuckuck on July 15, resulting in an agreement reached for Kuckuck to travel on July 15 to engage in sexual conduct with the "daughters." Thus, Kuckuck's solicitation on July 15 with the travel shortly thereafter was distinct from his criminal act of solicitation on July 14.

The instant case is more analogous to *Griffith*, which was not available to the lower court at the time of trial. In *Griffith*, the defendant solicited on February 3, and made plans to meet with the "minor" on February 7 to engage in sexual conduct. 208 So. 3d at 1210. Mr. Griffith then committed a separate act of solicitation on February 4, made a new plan to now meet the "minor" that same day for sex, and then traveled on February 4 to accomplish his goal. *Id.* We reasoned that these facts distinguished the case from *Hughes*, concluding that there was no double jeopardy violation because Griffith's solicitation on February 3 and his solicitation and travel on February 4 were distinct acts and therefore did not constitute the "same conduct" under *Shelley. Id.* at 1212. Here, there is even less evidence of a double jeopardy violation than in *Griffith* because there was no agreement reached on July 14 for Kuckuck to travel to engage in the unlawful sexual conduct.

Accordingly, we conclude that Kuckuck's conviction for solicitation did not violate double jeopardy because it was not based upon the same conduct as the traveling

conviction. We therefore reverse the trial court's order vacating the judgment and sentence for solicitation and remand with instructions to reinstate the conviction, judgment, and sentence.

REVERSED and REMANDED on Cross-Appeal with directions; main appeal AFFIRMED as moot.

COHEN, C.J., and EISNAUGLE, J., concur.
LAMBERT, J., concurs and concurs specially, with opinion.

5

LAMBERT, J., concurring and concurring specially.                    5D16-3828

While I concur with the majority opinion, I am sympathetic to the trial judge and counsel in their effort to reconcile and apply the facts of this case to the various appellate cases addressing these types of double jeopardy claims. As Judge Makar from the First District has aptly observed: "Double jeopardy jurisprudence is among the most confusing and complex, generating challenging conundrums and resulting often in widely divergent court decisions analyzing similar issues; this phenomenon continues post-*Shelley*, as Florida courts navigate new and confounding questions." *Lee v. State*, 223 So. 3d 342, 376 (Fla. 1st DCA 2017) (Makar, J., concurring in part, dissenting in part) (footnote omitted).

As indicated in the majority opinion, the solicitation (count one) and the traveling after solicitation (count two) were separately pleaded and proved as occurring on different days. I would suggest that in future cases to facilitate the resolution of potential double jeopardy claims, trial judges consider utilizing verdict forms that separately set forth in the verdict the date of the solicitation that the State is attempting to prove for each count. Trial judges should also consider instructing the jury that it has to find at least two separate and distinct solicitation violations to hold the defendant accountable on both the traveling count and the solicitation count. *See id.* (Makar, J., concurring in part, dissenting in part). By doing so, this should resolve any questions the judge and the parties have about whether solicitation and traveling convictions were from the same conduct.

6